### BUXÓ ET AL. *v.* BUXÓ ET AL.

Apelación procedente de la Corte de Distrito de Humacao.

No. 785.—Resuelto en marzo 29, 1912.

COSTAS—SENTENCIA FIRME—SENTENCIA DEFINITIVA.—Las palabras ''*final judgment*'' empleadas en el texto inglés del artículo 339 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908, significan sentencia definitiva o sea la que dicta el tribunal sentenciador, y no sentencia firme como erróneamente ha sido traducido en el texto español.

ID.—FIJACIÓN DE LAS COSTAS—JURISDICCIÓN DEL TRIBUNAL SENTENCIADOR.—De acuerdo con la ley de costas de marzo 12, 1908, el tribunal sentenciador tiene jurisdicción para conocer del procedimiento sobre fijación de las costas hasta resolver la impugnación, sin exceptuar el caso en que haya sido apelada la sentencia que concede las costas, pero carece de jurisdicción para hacer ejecutar su resolución sobre costas ordenando su cobro, mientras esté pendiente la apelación interpuesta contra la sentencia.

ID.—TÉRMINO PARA PAGAR LAS COSTAS.—Dictada una sentencia con costas contra una parte, si la sentencia no ha sido apelada o en caso de apelación ha sido confirmada, deberá la parte condenada al pago de las costas consignar su montante en la secretaría de la corte sentenciadora dentro de los 5 días siguientes a la notificación que se le haga con tal fin, y en caso de que no verifique el pago, podrá librarse orden de ejecución, según dispone el artículo 339 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908. En el caso de que la sentencia en que se impusieron las costas haya sido apelada, como en el presente caso, y el recurso está pendiente de decisión, debe esperarse su resultado para proceder al cobro de las costas en los términos expuestos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. López Landrón y Rincón.*

Abogados de los apelados: *Sres. Alvarez Nava y Domínguez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito de Humacao por Francisco, Poncio y Julio Buxó y Pérez, contra Francisco Buxó Cabrera, Alejandro Laborde, Luis Recurt y su esposa

María Frías y Antonio Caubet y Pons, sobre nulidad de expediente instruído por el Buxó Cabrera en demanda de autorización judicial para enajenar bienes de sus hijos los demandantes, y sobre nulidad de enajenaciones de finca rústica subsiguientes a la autorización concedida, dicha corte dictó sentencia en 29 de abril del año próximo pasado, desestimando la demanda con costas a los demandantes a virtud de moción de *nonsuit* declarada con lugar; y contra dicha sentencia interpuso recurso de apelación la representación de la parte demandante sin que tal recurso haya sido resuelto.

Los demandados Alejandro Laborde y Luis Recurt por medio de su abogado Carlos Travecier, y María Frías y Antonio Caubet por medio de su abogado Jorge V. Domínguez, presentaron a la corte tres *memorandums* de costas, montante el de Laborde a 466 dollars 20 centavos, el de Recurt a 457 dollars y el de Caubet y María Frías a 570 dollars; pero esos *memorandums* fueron impugnados por la representación de los demandantes, y la corte inferior resolvió la impugnación por orden de 1º. de noviembre del año próximo pasado, reduciendo su montante a las sumas de 66 dollars 20 centavos, 57 dollars y 159 dollars, respectivamente, cuya orden termina así:

"Procédase por el secretario de esta corte a hacer efectivos dichos *memorandums* de costas, de acuerdo con la Sección 339 del Código de Enjuiciamiento Civil, enmendado por la ley de 12 de marzo de 1908. Líbrense las oportunas ordenes y notifíquese a las partes para su debido conocimiento."

Esa orden ha sido recurrida por los demandantes, quienes en su alegato ante esta Corte Suprema solicitan se anule y deje sin efecto, así como también los *memorandums* de costas y desembolsos de los demandados, y a ese fin alegan como motivo del recurso, falta de jurisdicción en la corte inferior con infracción de los artículos 7º., número 4º., 297 y 339 del Código de Enjuiciamiento Civil, enmendado por la ley de 12 de marzo de 1908.

La única cuestión a discutir y resolver en esta apelación, es si estando pendiente en grado de apelación ante esta Corte Suprema la sentencia en que fué impuesta la condena de costas, tenía jurisdicción la corte inferior para sustanciar el procedimiento relativo a esa condena hasta fijar el montante que debía ser satisfecha por la parte condenada al pago y ordenar su cobro en los términos prevenidos por la ley.

Las reglas para reclamar y hacer efectivas las costas concedidas en un pleito o procedimiento, están comprendidas en el artículo 339 del Código de Enjuiciamiento Civil enmendado por la ley de 12 de marzo de 1908.

El texto inglés del apartado 1º. de ese artículo difiere del texto español en la parte relativa al modo de computar los diez días que señala para presentar el *memorandum* de costas, pues el texto inglés ordena que se presente *dentro de los diez días después de la sentencia final o decisión* (*within ten days after the final judgment or decision*), mientras que la presentación, según el texto español, deberá hacerse *dentro de los diez días siguientes al en que se haya hecho firme la sentencia o decisión que haya puesto fin al asunto.*

Sentencia firme, según la define el artículo 368 de la antigua ley de Enjuiciamiento Civil, es aquella contra la que no cabe recurso alguno ordinario ni extraordinario, ya por su naturaleza ya por haber sido consentida por las partes. Sentencia, según el artículo 188 del Código de Enjuiciamiento Civil vigente, es la decisión definitiva, (*final determination*) según el texto inglés, sobre los derechos de las partes en un pleito o procedimiento; y contra una sentencia definitiva (*final judgment* dice el texto inglés) cabe recurso de apelación, según el artículo 295, sin que, por tanto, pueda entenderse que *final judgment* sea sentencia firme, como se lee en el texto español del artículo 339 enmendado. Al resolver en mayo 20 de 1909 el caso de *Vázquez et al.* v. *Vázquez et al.*, 15 Dec. P. R., 293, digimos: ''La sentencia o decisión a que dicha ley (la de 12 de marzo de 1908) se refiere, teniendo en cuenta las palabras usadas en el texto inglés, *final judgment,* y el sentido general

de la ley, debe ser la sentencia dictada por el tribunal inferior * * . *. 'El contenido entero del capítulo 6º., título 13 del Código de Enjuiciamiento Civil demuestra que la Legislatura al considerar las costas tuvo presente la sentencia que había de dictarse por el tribunal inferior * * *.' ''

La jurisdicción de los tribunales dimana de la ley; y como la de 12 de marzo de 1908 concedió jurisdicción a las cortes de distrito para conocer del procedimiento para el cobro de costas y no exceptúa el caso en que haya sido apelada la sentencia que concede las costas, es claro que no puede negarse jurisdicción a la corte de Humacao para conocer como conoció del procedimiento de que se trata, hasta resolver la impugnación, pero careció de ella en el presente caso para ejecutar su resolución.

El número 4º. del artículo 7 del Código de Enjuiciamiento Civil otorga a las cortes poder para hacer cumplir sus sentencias, órdenes o providencias en una acción o procedimiento pendiente ante las mismas, negándoles, en su consecuencia, tal poder cuando la acción o procedimiento pendiere ante otra corte, y en armonía con ese precepto establece el artículo 297 del mismo Código, que una apelación formalizada, producirá el efecto de suspender todo procedimiento en la corte inferior respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella. Ambos artículos han sido infringidos por la corte de Humacao, no en cuanto tramitó el procedimiento sobre cobro de costas hasta llegar a su resolución final determinando el montante que debe cobrarse, sino en cuanto dispone que se proceda por el secretario a hacer efectivas dichas costas de acuerdo con la sección 339 del Código de Enjuiciamiento Civil enmendado por la ley de 12 de marzo de 1908, librándose las oportunas órdenes y notificándose a las partes para su debido conocimiento.

El último apartado del artículo 339 del Código de Enjuiciamiento Civil, según ha quedado enmendado, dice así:

"Cuando no se hubiere impugnado en tiempo un *memorandum* de

costas, o cuando hecha la impugnación el tribunal hubiere dictado resolución definitiva en el asunto, y no se hubiere interpuesto recurso contra la misma, o en caso de haberse interpuesto, se dictare sentencia definitiva de acuerdo con la resolución de dicho recurso, deberá la parte condenada al pago consignar su montante en la secretaría de dicha corte dentro de los cinco días siguientes a la notificación que por el secretario se le haga con tal fin. Si así no lo hiciese, se librará orden de ejecución en la misma forma que para la de una sentencia. Disponiéndose   *   *   *,''

Los preceptos contenidos en el apartado que dejamos transcrito deben tener aplicación, procurando en caso de aparente conflicto con los de los artículos 7 y 297 de la misma ley, conciliar y armonizar unos y otros preceptos.

Repetimos que las cortes de distrito tienen jurisdicción para tramitar el procedimiento relativo a condena de costas concedidas a una parte hasta llegar a dictar resolución definitiva. Esa resolución quedará firme, si no se interpone recurso contra ella o si se confirma en el caso de haberse apelado. Pero ¿cuándo deberá cumplirse o ejecutarse? Si no ha sido apelada la sentencia en que se concedieron las costas o en caso de apelación ha sido confirmada, deberá la parte condenada al pago consignar su montante en la secretaría de la corte dentro de los cinco días siguientes a la notificación que se le haga con tal fin, librándose orden de ejecución en caso de no verificarse el pago, según previene el artículo 339; pero si la sentencia en que se impusieron las costas ha sido apelada, como en el caso presente, y el recurso está pendiente de decisión, debe esperarse su resultado para proceder al cobro de las costas en los términos expuestos; de lo contrario, se haría efectiva una condena de costas, que forma parte de la sentencia apelada y que puede dejarse sin efecto al resolverse el recurso.

Una vez decidido ese recurso debe cumplirse y ejecutarse en su caso la orden resolutoria del procedimiento sobre impugnación de costas.

Por las razones expuestas, procede revocar la orden que

dictó la Corte de Distrito de Humacao en 1º. de noviembre último, en cuanto ordena se proceda a hacer efectivos los *memorandums* de costas en la forma en que han sido reducidos por dicha corte, y en su lugar se ordene que para el cobro de dichos *memorandums* de costas se espere el resultado del recurso de apelación interpuesto contra la sentencia de 29 de abril del año próximo pasado, en que se concedieron las costas a la parte demandada, dejando subsistente la orden recurrida en cuanto fija las costas que deben ser satisfechas.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. MacLeary, Wolf, del Toro y Aldrey.