RIVERA, DEMANDANTE Y APELADO *v.* MARTÍNEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre daños y perjuicios por libelo.

No. 1991.—Resuelto en mayo 31, 1919.

DESESTIMACIÓN DE APELACIÓN—DEFECTOS EN LA TRANSCRIPCIÓN.—Cuando el apelado alega que la transcripción de una apelación no contiene todos los elementos necesarios para resolver ésta, debe exponer cuáles son las materias que faltan porque el tribunal debe estar en condiciones de decidir si falta algún particular que sea necesario.

ID.—ENTREGA DE COPIA DE LA TRANSCRIPCIÓN.—Aunque no conste en la transcripción que una copia de ella ha sido entregada a la parte contraria, es bastante si aparece de los autos por declaración jurada que tal entrega se hizo.

ID.—ID.—APELACIÓN DESPUÉS DE VENCIDO SU TÉRMINO—ORDENES ESPECIALES.—Una vez vencidos los diez días marcados por la ley para poder apelar de una orden especial dictada después de sentencia definitiva, no puede interponerse recurso de apelación y la apelación que así se interponga fuera del término deberá ser desestimada a moción de la parte interesada.

ORDENES APELABLES—MOCIONES—SU NOMBRE, NATURALEZA Y ALCANCE.—Para determinar si una orden es o no apelable es preciso tener en cuenta su naturaleza y alcance, y no sólo el nombre de la moción que le dió origen. Así, no importa, que a una moción se le titule de "reconsideración," pues si realmente es una moción para que se anule y deje sin efecto cierto mandamiento de ejecución, con tal carácter será tenida y la orden recaída sobre ella se considerará como apelable.

Mociones—Reconsideración—En qué Consiste.—No puede calificarse como moción de reconsideración aunque como tal se titule aquella en que por primera vez se plantea una cuestión determinada, (como la de la jurisdicción de la corte inferior en este caso) y no se pide que se examine de nuevo alguna resolución recaída a instancia de la parte promovente de dicha moción, sino que por el contrario es en verdad y en su alcance una moción pidiendo que se deje sin efecto algún procedimiento, (como el de ejecución en este caso), obtenido a instancia de la parte contraria y sin audiencia del promovente de la moción impropiamente titulada de reconsideración.

Apelaciones—Sus Efectos Suspensivos de Sentencias.—Las apelaciones no comprendidas en ninguno de los casos a que se refiere el artículo 298 del Código de Enjuiciamiento Civil producen el efecto de suspender la ejecución de la sentencia recurrida hasta ser resuelta o desestimada.

Apelaciones—Contra-Apelaciones (Cross-Appeals)—Efectos Recíprocos.—Una apelación de las que tienen el efecto de suspender la ejecución de una sentencia, de acuerdo con el artículo 297 del mismo Código de Enjuiciamiento Civil no queda anulada ni deja de seguir produciendo dichos efectos suspensivos hasta que sea resuelta o desestimada por el mero hecho de haber sido resuelta por el Tribunal Supremo una contra-apelación (*cross-appeal*) interpuesta por la parte contraria, en cuya resolución el Tribunal Supremo no tomó en consideración ni resolvió cuestiones que sólo pudieron discutirse bajo la otra apelación.

Jurisdicción—Ejecución de Sentencia—Paralización.—No procede mandar a ejecutar una sentencia confirmada o modificada por este Tribunal en apelación cuando aún está pendiente y no ha sido aún desestimada una contra-apelación interpuesta por la parte contraria contra la propia sentencia y la corte que ordene la ejecución de la sentencia así contra-apelada carece de jurisdicción, y es su deber, si se le pide por parte legítima, mandar a paralizar la ejecución de dicha sentencia ordenada bajo tales circunstancias.

Jurisdicción—Desestimación de Apelación—Dilación.—La desestimación de una apelación no es de la jurisdicción de una corte de distrito en recursos contra sus propias sentencias, y por lo tanto no está justificada una corte de distrito en dar por desestimada una apelación por no haberse la misma tramitado debidamente y en tiempo, por ser esa una cuestión que debe decidir el Tribunal Supremo y no una corte inferior.

Ejecución de Sentencia—Su Nulidad.—Es nula la ejecución de una sentencia ordenada por una corte que carecía de jurisdicción para ordenarla y una vez declarada su nulidad deberá quedar el pleito en el mismo estado en que estaba antes de ordenarse dicha ejecución.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Víctor P. Martínez.*

Abogados de la apelada: *Sres. Luis Llorens Torres* y *José C. Rivera.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

En la Corte de Distrito de Aguadilla se siguió pleito por

José C. Rivera contra Víctor P. Martínez reclamándole indemnización por libelo, en el que recayó sentencia el 26 de octubre de 1917 por la cual declaró con lugar la demanda, sin lugar la reconvención del demandado, y condenó a éste a pagar al demandante un dollar de indemnización, otro dollar por honorarios de abogado, y las costas del litigio.

Esa sentencia fué apelada dentro del término legal por el demandado Martínez para ante este Tribunal Supremo, con notificación al demandante y presentación del escrito al secretario de la corte, quedando así perfeccionada la apelación.

También apeló de ella el demandante, pues en 6 de diciembre de 1918 resolvimos el recurso de éste y modificamos dicha sentencia en el sentido de que el demandado debía satisfacer al demandante la cantidad de tres mil pesos, los honorarios de abogado y las costas del pleito. Después de nuestra sentencia el demandante Rivera solicitó de la corte inferior que ordenase se expidiera mandamiento para su cumplimiento y así lo decretó aquella corte en 20 de diciembre de 1918.

Dos días después, el 22 de diciembre, el demandado presentó moción a dicha corte en la que alegando que su apelación contra la sentencia dictada el 26 de octubre de 1917 estaba aun pendiente de resolución y también que no es firme por tener recurso de apelación para ante la Corte de Apelaciones del Primer Circuito de los Estados Unidos, en Boston, contra nuestra sentencia de 6 de diciembre de 1918, solicitó, después de alegar las razones legales que creyó pertinente, que la corte reconsiderase la orden que había dictado mandando a expedir el mandamiento de ejecución para el cumplimiento de nuestra sentencia dictada en el recurso del demandante y que dejase sin efecto el mandamiento librado hasta que se resuelva o se desestime el recurso de apelación que tiene interpuesto contra la sentencia de la Corte de Distrito de Aguadilla.

Esta moción fué negada por la corte inferior en 6 de febrero de 1919 y notificada esta resolución a Martínez el 17

de febrero, el día 24 del mismo mes interpuso el presente recurso de apelación contra la resolución de 6 de febrero de 1919 y también contra la orden de 20 de diciembre del año anterior que ordenó la expedición del mandamiento de ejecución. Posteriormente y fundándose en la interposición de estas apelaciones pidió a la corte inferior que ordenase la paralización del cumplimiento de la sentencia y la suspensión de la subasta de bienes embargados para satisfacerla, petición que también le fué negada.

En la transcripción de esta apelación figuran también las diligencias practicadas con motivo del *memorandum* de costas y honorarios de abogado presentado por el demandante y la resolución de la corte inferior fijando su cuantía, pero no consta que esta resolución fuera apelada.

Estando el presente recurso en trámites en este Tribunal Supremo, el demandado apelante nos pidió que, mientras lo resolviéramos, ordenásemos al juez del tribunal inferior que suspendiera la ejecución de la sentencia. Señalado día para oir a las partes sobre esta petición, se opuso a ella el apelado por medio de moción escrita en la que nos pidió que desestimemos esas apelaciones por los diversos motivos que en ella consignó.

Al día siguiente de celebrada la vista de tal moción tuvo lugar la del recurso de apelación.

La primera cuestión que tenemos que resolver es la propuesta por la moción de desestimación del apelado, *toda vez que si esta prosperase no podríamos resolver la apelación.*

El primero de los motivos en que se funda la moción de desestimación es en que la transcripción de autos que nos ha presentado el apelante no contiene todas las materias necesarias. No expone cuáles son las materias que faltan en la transcripción, ni el apelado nos ha pedido que la corrijamos con los particulares que echa de menos, y, por tanto, no estamos en condiciones de decidir si hay algún particular que sea necesario en ella. Hemos examinado la transcripción y

a nuestro entender contiene todos los elementos necesarios para poder resolver la materia que es objeto del recurso.

El segundo motivo es el de que la apelación no ha sido debidamente formalizada por el apelante por no haber cumplido con el requisito de entregar al apelado una copia certificada de la transcripción. Si bien en la misma transcripción no consta la entrega de tal copia al apelado, sin embargo, del juramento de José Dieppa obrante en los autos aparece que fué notificada a la parte apelada antes de que la transcripción fuera presentada en este tribunal.

El tercer motivo alegado para que desestimemos las apelaciones es que las resoluciones de 20 de diciembre de 1918 y de 6 de febrero de 1919 no son apelables. Además, se nos llamó la atención durante la vista a que el recurso contra la orden de 20 de diciembre fué interpuesto fuera del término legal.

No tenemos necesidad de decidir ahora si la orden de 20 de diciembre de 1918, disponiendo que se cumpliese nuestra sentencia de 6 del mismo mes, es o no apelable, porque el recurso de apelación contra ella se interpuso el 24 de febrero de 1919, mucho tiempo después de los diez días concedidos por el No. 3º. del artículo 295 del Código de Enjuiciamiento Civil para establecer apelación contra providencias especiales dictadas después de sentencia, y, por tanto, la apelación de esa orden debe ser desestimada.

La cuestión es distinta con respecto a la apelación contra la resolución de 6 de febrero de 1919, porque fué interpuesta dentro del término legal.

La moción de 22 de diciembre de 1918 que dió origen a esa resolución, aunque se titula de reconsideración, es en verdad una moción para que se anule y deje sin efecto el mandamiento de ejecución que la orden de 20 de diciembre de 1918 dispuso que se librara para el cumplimiento de nuestra sentencia de 6 de diciembre de 1918. Esta resolución se dictó a instancia de José C. Rivera, sin notificación ni audiencia

del demandado, y, por tanto, no resolvió moción alguna de
éste, por lo que su petición de 22 de diciembre, aunque en
ella se usa la palabra reconsideración, no pide que se exa-
mine de nuevo alguna resolución recaída a instancia suya
sino que por primera vez planteó ante la corte inferior la
cuestión de que no tenía jurisdicción para hacer ejecutar
nuestra sentencia de 6 de diciembre de 1918 en vista de estar
pendiente su recurso de apelación contra la sentencia de 26
de octubre de 1917 y por consiguiente no le es aplicable la
doctrina de que es inapelable una resolución que desestima
la reconsideración de otra resolución anterior. La moción
del demandado a que nos referimos es en verdad y en su
alcance una moción pidiendo que se deje sin efecto el man-
damiento dispuesto por la orden dictada por el juez man-
dando cumplir nuestra sentencia dictada en el recurso del
demandante; resolución que, por tanto, es apelable porque
es una providencia especial dictada después de sentencia.

En cuanto al otro motivo de desestimación fundado en
que la resolución del *memorandum* de costas no fué apelada,
ya hemos dicho antes que en efecto no lo fué y, por tanto,
no la consideraremos, lo que no es motivo para que deses-
timemos la apelación contra la de 6 de febrero de 1919.

En vista de las precedentes consideraciones, debemos de-
sestimar la moción del apelado en la que nos pide que deses-
timemos la apelación interpuesta contra la resolución de la
corte inferior de 6 de febrero de 1919, y consideraremos el
recurso en sus méritos.

La cuestión propuesta por el apelante es sencilla pues
habiendo sido apelada la sentencia de 26 de octubre de 1917
por el demandante y por el demandado, y no hallándose esas
apelaciones comprendidas en ninguno de los casos a que se
refiere el artículo 298 del Código de Enjuiciamiento Civil,
tales apelaciones produjeron el efecto de suspender la eje-
cución de dicha sentencia hasta ser resueltas o desestimadas,
de acuerdo con el artículo 297 del mismo código, sin que la

resolución de uno de esos dos recursos produzca el efecto de anular y dejar sin efecto la suspensión de ejecución producida por el recurso interpuesto por la otra parte.

Por estas razones, cuando el demandado Martínez llamó la atención de la corte inferior al hecho de que estaba actuando sin jurisdicción en el procedimiento por estar pendiente aun su recurso de apelación contra la sentencia recaída en el pleito, debió la Corte de Distrito de Aguadilla haber dejado sin efecto el mandamiento de ejecución que ordenó se librara, y no habiéndolo hecho así todas las actuaciones practicadas para llevar a ejecución la sentencia que dictamos en uno de esos recursos son nulas y el pleito debe quedar en la misma situación que tenía cuando la corte inferior recibió nuestra sentencia resolviendo el recurso de una de las partes apelantes; sin que estuviera la corte justificada en las razones que tuvo para negarla porque si el demandado Martínez ha perdido su derecho a que sea oída su apelación por no haber tramitado luego su recurso, es cuestión que debe decidir este Tribunal Supremo y no la corte inferior, y porque tampoco es motivo que apoye la decisión recurrida ahora el que en la vista de la apelación del demandante hiciera el demandado alegaciones ante este Tribunal Supremo en apoyo de su recurso, según entendemos la resolución apelada, que asegura la corte inferior fueron tomadas en consideración por nosotros, hecho éste que no aparece de la sentencia de 6 de diciembre, 1918 ni de la opinión en que se funda.

En vista de la conclusión a que llegamos con respecto a los méritos de la apelación y de que la moción que nos hizo el demandado apelante para que ordenásemos la paralización de la ejecución de la sentencia fué oída el día antes de la vista del recurso, se hace innecesario resolverla especialmente ahora, pues implícitamente lo estará en la resolución que dictaremos.

Por las razones expuestas el recurso de apelación contra la orden de 20 de diciembre de 1918 debe ser desestimado

y la resolución de 6 de febrero de 1919 debe ser revocada, dictándose en su lugar otra dejando sin efecto el mandamiento de ejecución que la corte inferior mandó que se expidiera para cumplir nuestra sentencia de 6 de diciembre de 1918 recaída en el recurso del demandante.

> *Desestimada la apelación contra la orden de la Corte de Distrito de diciembre 20, 1918, revocada la resolución de febrero 6, 1919 y dictada otra dejando sin efecto la orden de ejecución de diciembre 20, 1918 en cumplimiento de la sentencia de este Tribunal Supremo de diciembre 6, 1918.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Hutchison.