## EX PARTE VEGA, PETICIONARIA.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un procedimiento sobre administración judicial de bienes.

No. 1895.—Resuelto en abril 27, 1920.

DESESTIMACIÓN DE APELACIÓN—RECONSIDERACIÓN—ORDENES INAPELABLES.—Siendo como es inapelable una resolución que niega la reconsideración de una orden o sentencia, procede desestimar la apelación de tal resolución.

ADMINISTRACIÓN JUDICIAL DE BIENES DE FINADOS—OBJETO DE LA ADMINISTRACIÓN JUDICIAL.—Cuando se acude a la ley de procedimientos legales especiales para instar la administración judicial debe irse con un derecho claro respecto a la personalidad del peticionario y con prueba en apoyo de las alegaciones, porque esos procedimientos no tienen por objeto la declaración de derechos, sino únicamente en vista de un derecho claro y reconocido, el obtener la administración judicial de los bienes de la persona fallecida.

ADMINISTRACIÓN JUDICIAL—IMPROCEDENCIA DE LA ADMINISTRACIÓN JUDICIAL.—No hay términos hábiles para constituir una administración judicial cuando no existen bienes administrables y solamente se insta con el fin de establecer demanda en reclamación de bienes hereditarios. Tal no es el objeto y fin de la administración judicial aunque uno de los deberes de los administradores y mientras éstos se nombran, de los albaceas, sea el de representar al finado en todos los procedimientos comenzados por él o contra el mismo antes de su muerte y los que se promovieren después por o contra el caudal de la herencia.

Los hechos están expresados en la opinión.

Abogado de la peticionaria apelante: *Sr. Juan de Guzmán Benítez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente caso tiene por objeto el nombramiento de un administrador judicial de los bienes de Miguel Vega y Manuela Marrero.

Alega la peticionaria Francisca Vega Hernández en su solicitud jurada a la Corte de Distrito de Arecibo que los consortes Manuela Marrero y Miguel Vega fallecieron respectivamente en 23 de agosto de 1839, y en primero de enero de 1851 bajo testamento que otorgó la primera el 19 de agosto de 1839 y el segundo en 8 de diciembre de 1850; que la Marrero nombró por albacea en primer lugar a su esposo Miguel Vega y en segundo lugar al hermano de éste nombrado

José María, y Miguel Vega al mismo José María y al presbítero José Leoncio de Cambiani, habiendo fallecido hace años dichos albaceas; que la peticionaria tiene en la herencia de ambos esposos el interés de que es heredera forzosa puesto que su legítimo padre Gregorio Vega era hijo legítimo de Juan José Vega, a su vez hijo legítimo de Miguel Vega y Manuela Marrero, y el derecho de acción que ella tiene es de representar a dichos antecesores en la sucesión de ambos causantes y recibir por tanto, la parte de herencia que pueda corresponderle; que Miguel Vega y Manuela Marrero dejaron varios hijos y de esos hijos nacieron otros y se formaron varias sucesiones sin que sepa quienes son todos los interesados en la herencia actualmente, y por tanto dónde residen todos ellos, sabiendo únicamente que de los mismos viven Providencia Vega y Josefa Vega y Hernández con residencia en Cataño, del término municipal de Bayamón. Concepción Vega y Hernández que reside en San Juan, Telesfora y Petrona Rodríguez Vega con residencia en Manatí y Federico Calaf y Rivera con residencia en el mismo pueblo; que Miguel Vega y Manuela Marrero dejaron bienes sujetos a partición, entre éstos, según información que tiene, una estancia de dos caballerías de terreno ubicada en el barrio de "Sabana Seca" de Manatí, y de ochenta y ocho a noventa cuerdas de terreno de vega radicadas en el barrio de la "Bajura" del mismo pueblo; que dichos bienes no se encuentran en poder de la sucesión de Miguel Vega y Manuela Marrero y por tanto no han podido ser valorados ni hacerse partición de ellos; y que para entrar en la posesión y administración de dichos bienes se hace necesario interponer previamente ciertas demandas en reclamación de su entrega y al efecto es preciso que los interesados tengan un representante bajo las órdenes de la corte con el carácter de administrador judicial.

La solicitud concluye con la súplica de que se nombre a la peticionaria administradora judicial de los herederos y

causahabientes de Miguel Vega y Manuela Marrero con facultades para presentar la reclamación de los bienes correspondientes a los interesados, sin perjuicio de resolver en su oportunidad sobre la administración y partición y prestación de fianza, llegado el caso de entrar en la posesión de los bienes que se reclamen.

La Corte de Arecibo por resolución de 29 de junio de 1918 desestimó la solicitud de administrador judicial por creerla insuficiente e impropia y de esa resolución pidió reconsideración la peticionaria, que también fué declarada sin lugar por resolución de 10 de julio siguiente. Contra ambas resoluciones interpuso recurso de apelación Francisca Vega Hernández.

La resolución denegatoria de reconsideración no es apelable según tiene ya resuelto esta Corte Suprema y en cuanto a ella procede desestimar el recurso; y para resolver la otra resolución denegatoria de la solicitud de administración judicial hemos de atenernos a las alegaciones de la solicitud inicial del procedimiento haciendo caso omiso de otras alegaciones de hecho consignadas en la moción de reconsideración tendentes a suplir deficiencias anotadas por la corte inferior en la solicitud expresada, pues como ya hemos dicho al resolver el caso de *Butler et al. v. Sorongo et al.* 25 D. P. R. 221, una moción de reconsideración no es la forma adecuada para remediar deficiencias e informalidades. Aunque se hubiera pedido permiso para enmendar la solicitud creemos que la corte hubiera estado justificada al negarla por no haber acreditado la peticionaria la razón fundamental de su pretensión.

La solicitud de administración judicial no se ajusta al precepto del artículo 23 de la Ley de Procedimientos Legales Especiales de marzo 9 de 1905, pues no es una petición según exige dicho artículo debidamente justificada en que se demuestren los hechos necesarios para obtener el fin pretendido. *Sabater* v. *Escudero,* 23 D. P. R. 854.

No se justifica el fallecimiento de los consortes Manuela Marrero y Miguel Vega ni tampoco el de Juan José y Gregorio Vega, ni el carácter de heredera forzosa de la peticionaria con relación a sus bisabuelos Manuela Marrero y Miguel Vega. Al prevenir dicho artículo que en la petición de administración judicial se hagan constar bajo juramento ciertos requisitos que enumera, había establecido previamente que esa petición debía estar justificada con demostración de los hechos necesarios y son hechos necesarios indudablemente para determinarla el fallecimiento de la persona finada y el carácter de heredero del que solicite la administración judicial de sus bienes.

Cuando se acude a la Ley de Procedimientos Legales Especiales para instar la administración judicial debe irse con un derecho claro respecto a la personalidad del peticionario, porque esos procedimientos no tienen por objeto la declaración de derechos, sino únicamente en vista de un derecho claro y reconocido, el obtener la administración judicial de los bienes de la persona fallecida. *Sabater* v. *Escudero, supra.* El hecho alegado por la peticionaria, sin justificación alguna, de ser hija legítima de Gregorio Vega, quien era hijo legítimo de Juan José Vega y éste a su vez hijo legítimo de Manuela Marrero y Miguel Vega no muestra su carácter de heredera forzosa de los consortes Vega Marrero. Será heredera forzosa de Gregorio Vega y habrá sucedido a éste en todos los derechos activos y pasivos trasmisibles del mismo, pero no será heredera forzosa de sus bisabuelos Miguel Vega y Gregoria Marrero, requisito indispensable para que pueda instar la administración judicial de los mismos con arreglo al artículo 23 citado. Los herederos forzosos de Miguel Vega y Manuela Marrero serán sus hijos legítimos pero no sus nietos y biznietos a no ser que éstos, por fallecimiento del padre o abuelo, ocurrido antes del fallecimiento de los causantes, sean llamados a la herencia

por derecho de representación, lo que no aparece en el presente caso.

Aun más, no vemos que haya términos hábiles para constituir una administración judicial sin bienes administrables y solamente con el fin de establecer demandas en reclamación de bienes hereditarios de los consortes Vega Marrero por más que sea deber de los administradores y mientras éstos se nombran, de los albaceas, representar al finado en todos los procedimientos comenzados por él o contra el mismo antes de su muerte y los que se promovieron después por o contra el caudal de la herencia, según el artículo 51 de la Ley sobre Procedimientos Legales Especiales. Pero ese no es el objeto y fin para el que se ha instituído la administración judicial como lo revela el examen de los preceptos legales que regulan dicha administración.

Y nada importa que al confirmar la sentencia apelada de la misma corte de Arecibo al resolver el caso de *Vega et al* v. *Rodríguez et al.*, 21 D. P. R. 334, lo hiciéramos "sin perjuicio del derecho que pudiera asistir a los demandantes para reclamar en debida forma la participación que pueda corresponderles en la herencia de Miguel Vega y Pino y Manuela Marrero", pues la reserva de un derecho nada decide definitivamente, según sentencias del Tribunal Supremo de España de 18 de diciembre de 1861 y 20 de noviembre de 1863. Por las razones expuestas, es de confirmase la resolución que declaró sin lugar la solicitud de administración judicial, debiendo desestimarse la apelación interpuesta contra la orden de la corte negándose a reconsiderar la predicha resolución.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.