AUGE, DEMANDANTE Y APELANTE, *v.* SELOSSE, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Primero, en pleito sobre divorcio (moción para
que se desestime la apelación).

No. 3087.—Resuelto en enero 18, 1924.

APELACIÓN—DILIGENCIA DEL APELANTE.—Las gestiones que una apelante haya
tenido que practicar para el cobro de pensiones alimenticias decretadas en
un incidente en pleito de divorcio, nada tienen que ver con las diligencias
necesarias para tramitar su apelación en el pleito principal.

ID. — DESESTIMACIÓN POR NEGLIGENCIA DEL APELANTE. — Habiendo transcurrido
cerca de dos años desde que la corte inferior ordenó que la transcripción de
la evidencia fuera sometida para su aprobación al juez que presidió el juicio,
sin que la apelante hiciera gestión alguna para perfeccionar su apelación,
procede la desestimación por falta de diligencia de acuerdo con la regla 59
del Reglamento del Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. R. H. Blondet.*

Abogado del apelado: *Sr. Juan Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Dictada sentencia en este pleito de divorcio declarando
sin lugar la demanda de la esposa y con lugar la contrade-
manda de su marido fué apelada por aquélla en 5 de octu-
bre de 1921 y solicitó que el taquígrafo hiciera la transcrip-
ción de la evidencia para la apelación. El taquígrafo pre-
sentó la transcripción el 20 de febrero de 1922 y el 6 de
marzo siguiente la corte inferior ordenó que fuera sometida
para su aprobación al juez que conoció del juicio. No se
hizo otra gestión para que la transcripción fuera aprobada
y el 12 de diciembre de 1923 la parte apelada nos ha pe-
dido que desestimemos la apelación de acuerdo con la re-
gla 59 de las de este Tribunal Supremo por falta de dili-
gencia en la tramitación de la apelación. A esa petición se
ha opuesto la apelante alegando que hasta el 4 de diciembre
de 1923 no fué depositada por el apelado en la corte la
cantidad de $939.50 que importaban las pensiones alimenti-

cias que tenía que pagar y que la diligencia de la apelante
está justificada por las diligencias que ha practicado para
obtener el pago de la pensión alimenticia y de otra suma
para el pago de los servicios prestados por su abogado.
Para el 17 de diciembre de 1923 fué señalada la vista para
la aprobación de la transcripción del taquígrafo, y habiendo
comparecido solamente el abogado de la apelante pidió y
obtuvo la suspensión para un nuevo señalamiento.

Podemos dejar a un lado las gestiones que la deman-
dante haya hecho para conseguir el cobro de pensiones ali-
menticias decretadas en un incidente de éste pleito porque
nada tenían que ver con las diligencias que habían de prac-
ticarse para tramitar su apelación contra la sentencia de
divorcio.

Presentada por el taquígrafo la transcripción de la evi-
dencia es necesario para que forme parte del legajo de la
sentencia que ha de presentarse en este Tribunal Supremo
que sea aprobada por el juez con citación de las partes,
pero en este caso desde el 6 de marzo de 1922 la apelante
no hizo gestión alguna para que fuera aprobada, habiendo
transcurrido cerca de dos años en tal estado de paralización
la apelación hasta que se nos ha pedido que la desestime-
mos, tiempo que por sí solo es prueba satisfactoria de falta
de la diligencia debida del apelante en la tramitación de
su apelación, por lo que debe ser desestimada, de acuerdo
con la regla 59 citada, preceptiva de que este Tribunal Su-
premo podrá discrecionalmente desestimar una apelación que
no haya sido anteriormente registrada mediante moción
presentada al efecto, si se probare satisfactoriamente que el
apelante no ha proseguido su apelación con la debida dili-
gencia o de buena fe, o que tal apelación es frívola. Esa
falta de diligencia se hace más manifiesta por el hecho de
haber pedido la apelante el 17 de diciembre de 1923 que se
suspendiera la aprobación de la transcripción de la eviden-

cia hasta nuevo señalamiento, cuando pudo pedir en ese día que fuera aprobada ya que la parte contraria no se presentó a proponer enmiendas, originando así otra dilación innecesaria.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.