Ex parte Carmen Padín Santiago, peticionaria; Salvador Suau, reclamante y apelado, *v.* La Sucn. de Baltasar Padín Castro, compuesta de Carmen, Isabel, Blanca, María Antonia, Juan José, Darío, Pedro y Jorge Padín Santiago, opositora y apelante.

No. 6671.—*Sometido:* Abril 23, 1934. *Resuelto:* Mayo 25, 1934.

*A. Mena Latorre,* abogado de la apelante; *Salvador Suau,* por su propio derecho y *F. Prieto Azuar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 De acuerdo con la regla 59 de las de esta corte, una apelación puede ser desestimada si el apelante deja de dar algún paso necesario dentro de noventa días de tener oportunidad para ello. Interpretando esta regla, resolvimos en *Auge* v. *Selosse,* 32 D.P.R. 651, que cuando se somete una transcripción de evidencia a una corte de distrito es deber del apelante gestionar la aprobación de dicha transcripción. La apelante no hizo tal cosa en este caso, y la parte apelada solicita que desestimemos el recurso, a tenor de la regla, citando varios otros casos de este tribunal.

La parte apelante sostiene que ella tiene una buena excusa para la demora, porque el juez que conoció del caso en Humacao fué Tomás Torres Pérez. El referido juez sólo tenía un nombramiento provisional. Sus deberes principales los desempeña en San Juan como uno de los oficiales jurídicos del Departamento de Justicia. La apelante dice que es difícil para el referido Tomás Torres Pérez trasladarse a Humacao

a fin de aprobar la transcripción de evidencia. No vemos que esta excusa sea suficiente, porque la parte apelante debe siempre disponer de los medios, ya sea por solicitud al juez o al Procurador General, para lograr que se apruebe la transcripción. Cabe, por ello, la desestimación del recurso.

El presente es un caso en que la corte concedió unos $900 como honorarios de abogado y una pequeña cantidad para otras costas. Después que la corte dictó su resolución sobre costas, la apelante radicó moción para reconsiderar. Sostiene ahora que de conformidad con las decisiones en los casos de *Saurí* v. *Saurí,* 45 Fed. (2d) 90, y *Pérez Casalduc* v. *Díaz Mediavilla,* 42 D.P.R. 357, el término para radicar el récord en apelación es extendido al radicarse una moción para reconsiderar.

Si los casos citados pudieran aplicarse a nuestra práctica local—cuestión que no creemos aconsejable discutir ahora— entonces habría que desestimar el recurso porque el término para apelar no empezaría a correr hasta que se resolviese la moción de reconsideración. En cambio, si la moción para reconsiderar no tiene efecto sobre la debida preparación del récord en la apelación de la sentencia, entonces, merced a las consideraciones de los párrafos anteriores, la apelación aún tendría que ser desestimada.

*Debe declararse con lugar la moción para desestimar.*