SANTOS BUXÓ, JR., demandante y apelado, *v.* EMIGDIO OSVALDO SELLÉS ROLDÁN, PEDRO VILLAFAÑE Y SU ESPOSA MARÍA COLLAZO, demandados y apelantes.

No. 6683.—*Sometido:* Mayo 28, 1934. ·*Resuelto:* Mayo 29, 1934.

*Burset & Pérez Pimentel,* abogados de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En este caso se dictó sentencia con fecha 13 de marzo de 1934, condenando a los demandados a satisfacer al demandante la suma de $800 con las costas. En 15 de marzo de 1934 esta sentencia fué notificada a los demandados, quienes, en 17 de abril del mismo año, interpusieron contra la misma recurso de apelación. Alega el demandante que el término de treinta días para poder apelar de dicha sentencia venció el 14 de abril del corriente año, y que no pudiendo extenderse, por tratarse de un término jurisdiccional, debe desestimarse el recurso de apelación interpuesto por los demandados.

En 20 de abril de 1934 el secretario de la Corte de Dis-

trito de Humacao certifica que la sentencia dictada contra los demandados fué notificada a los mismos "uniendo a los autos una copia de dicha notificación." Arguyen los demandados que de esta certificación no aparece en forma alguna la fecha en que se archivara la notificación de la sentencia y que, como el término para apelar se cuenta a partir de la fecha en que dicha notificación se archiva por el secretario de la corte sentenciadora con los autos del caso, no procede la desestimación por haberse interpuesto el recurso antes de haber vencido el término que la ley señala para apelar.

Tienen razón los apelantes. El secretario certifica que unió a los autos una copia de la notificación, pero no dice ni puede deducirse de sus palabras cuándo quedó unida a los autos la referida notificación. Los términos para apelar son fatales. Comprendiéndolo así el legislador ha querido fijar con certeza la fecha en que comienza a correr el término para apelar. Y es necesario seguir al pie de la letra las palabras de la ley para que pueda saberse a ciencia cierta cuándo comienza y expira el plazo dentro del cual puede establecerse recurso de apelación. La sección 2 de la ley de marzo 9 de 1911, que enmendó el inciso primero del artículo 295 del Código de Enjuiciamiento Civil, prescribe que "la notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos." Es ésta una fecha que debe constar claramente, para que puedan cumplirse las disposiciones de la ley y no dejarse en la incertidumbre como ocurre en el presente caso.

*No ha lugar a la desestimación del recurso interpuesto.*