PEDRO L. RODRÍGUEZ, tercerista y apelante, *v.* CARLOS J. TORRES, demandante y apelado y ROYCE GRIMM y THOMAS H. IVES, demandados.

No. 7095.—*Sometido:* Julio 15, 1935. *Resuelto:* Julio 24, 1935.

*Leopoldo Feliú* y *Edgar S. Belaval,* abogados del apelante; *Joaquín Vendrell,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación del recurso interpuesto en este caso por haberlo sido fuera de término. Se opone el apelante porque de los autos no consta que el término hubiera vencido cuando el recurso se interpuso, porque presentada en tiempo una moción de reconsideración el término comienza a correr a partir de su resolución y porque aun cuando hubiera el término expirado en cuanto a la sentencia no habría transcurrido en cuanto a la resolución de la moción de reconsideración que también fué recurrida.

La vista de la moción se celebró en julio 15 en curso con asistencia e informe de las partes por sus abogados. Éstos, con permiso de la corte, han archivado luego alegatos en apoyo de sus respectivas posiciones.

■ De los autos consta la notificación de la sentencia recurrida a virtud de certificación expedida por el Secretario de la corte de distrito el 3 de julio actual. Tiene fecha abril 4, 1935, y en ella se consigna que la sentencia notificada se dictó en marzo 30, 1935, datos que aparecen también del propio escrito de apelación.

Sin embargo, de la notificación archivada en los autos no consta la fecha de su archivo y esta corte en *Bianchi* v. *Bianchi*, 45 D.P.R. 751, siguiendo el de *Delgado* v. *Márquez Díaz*, 37 D.P.R. 135, resolvió:

"Aún cuando la parte perdidosa admita que fué notificada de una sentencia u orden, si de la nota del secretario en los autos no aparece que archivó con dichos autos copia de esa notificación, el término para recurrir contra tal sentencia u orden no puede comenzar a correr hasta tanto no se efectúe el archivo mencionado."

Véase además *Buxó* v. *Sellés*, 46 D.P.R. 748.

Este caso es extremo porque aquí el apelante en su escrito interponiendo el recurso no sólo admite que fué notificado, si que la notificación fué archivada con los autos en cuatro de abril, pero aun así, para que exista fijeza, la regla debe aplicarse. Los secretarios deben cumplir estrictamente su deber y los abogados vigilar su cumplimiento en beneficio de sus clientes.

■ No está en condiciones, pues, la parte apelada, para obtener la desestimación por el motivo alegado, pero aunque lo estuviera si se aceptara para fijar el término del archivo la admisión del apelante, nunca procedería la desestimación porque si bien la sentencia se habría notificado el 4 de abril, 1935, es lo cierto que el 12, o sea antes de los diez días— se trata de un caso de tercería—se pidió la reconsideración de la sentencia y la corte tomó en consideración la moción y estudiados sus méritos la declaró sin lugar por resolución fundada de 18 de junio, 1935, que se notificó el 19, y la apelación se estableció el 29 del propio mes de junio, 1935, habiendo esta corte decidido en el día de hoy en el caso de

*Gran Logia de Distrito del Distrito No. 41 de la Gran Orden Unida de Odd-Fellows en América, etc.,* v. *Logia Víctor Rojas, Inc.,* No. 6580, que bajo tales circunstancias el término para apelar comienza a correr a partir de la resolución de la moción de reconsideración.

En apoyo de esa misma conclusión cita el apelante las siguientes autoridades: *Jones* v. *Gill,* 67 Fed. (2d) 159; *Citizens Bank of Michigan* v. *Opperman,* 249 U. S. 447; *Sinkins Federal Practice,* Edición revisada, sec. 873 y 3 C. J. p. 465, sec. 282, que, resumiendo la jurisprudencia, dice:

"En la mayoría de las jurisdicciones no existe sentencia o decreto final para los fines de una apelación mientras la causa esté bajo el control de la corte sentenciadora por hallarse pendiente una moción de nuevo juicio, de reconsideración, para dejar sin efecto la sentencia o para otra cosa."

La parte apelada oponiéndose invoca tres de nuestras decisiones, a saber: *Ex parte Padín,* 46 D.P.R. 736, *Ex parte Vega,* 28 D.P.R. 389 y *Rivera* v. *Martínez,* 27 D.P.R. 475.

Nada en contrario se decidió en la primera. Sólo se dijo: "Si a nuestra práctica local le es o no aplicable la federal relativa a que una moción de reconsideración extiende el término para radicar la (el récord en) apelación, *quaere.*" *Ex parte* Padín, supra.

Las dos últimas son anteriores a las de *Pérez Casalduc* v. *Díaz Mediavilla,* 42 D.P.R. 357 y *Municipio de Guánica* v. *García,* 46 D.P.R. 397. En *Ex parte Vega,* supra, lo que se resolvió fué que: "Siendo como es inapelable una resolución que niega la reconsideración de una orden o sentencia, procede desestimar la apelación de tal resolución." Y en el de *Rivera* v. *Martínez,* supra, la corte se expresó así:

"La cuestión es distinta con respecto a la apelación contra la resolución de 6 de febrero de 1919, porque fué interpuesta dentro de término legal.

"La moción de 22 de diciembre de 1918 que dió origen a esa resolución, aunque se titula de reconsideración, es en verdad una moción para que se anule y deje sin efecto el mandamiento de

ejecución que la orden de 20 de diciembre de 1918 dispuso que se librara para el cumplimiento de nuestra sentencia de 6 de diciembre de 1918. Esta resolución se dictó a instancia de José C. Rivera, sin notificación ni audiencia del demandado, y, por tanto, no resolvió moción alguna de éste, por lo que su petición de 22 de diciembre, aunque en ella se usa la palabra reconsideración, no pide que se examine de nuevo alguna resolución recaída a instancia suya sino que por primera vez se planteó ante la corte inferior la cuestión de que no tenía jurisdicción para hacer ejecutar nuestra sentencia de 6 de diciembre de 1918 en vista de estar pendiente su recurso de apelación contra la sentencia de 26 de octubre de 1917 y por consiguiente no le es aplicable la doctrina de que es inapelable una resolución que desestima la reconsideración de otra resolución anterior. La moción del demandado a que nos referimos es en verdad y en su alcance una moción pidiendo que se deje sin efecto el mandamiento dispuesto por la orden dictada por el juez mandando cumplir nuestra sentencia dictada en el recurso del demandante; resolución que, por tanto, es apelable porque es una providencia especial dictada después de sentencia.''

Puede inferirse que se resuelve implícitamente que si se hubiera tratado de una moción de reconsideración, no hubiera sido apelable. Las citas no deciden, pues, la contención en favor del apelado. La primera la deja en suspenso y las segundas son más bien aplicables al tercer fundamento de la oposición que, dado el motivo alegado para pedir la desestimación y lo que acabamos de decidir, no será necesario estudiar y resolver.

*No ha lugar a la desestimación solicitada.*

El Juez Asociado Sr. Córdova Dávila no intervino.