MODESTA CONCEPCIÓN COSME, ETC., demandante y apelante, v. RUPERTO MÁRQUEZ, ETC., demandado y apelado.

Núm. 6972 *

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Ésta era originalmente una demanda sobre nulidad de ejecutivo hipotecario y otros extremos. La parte demandada radicó una contrademanda. En la demanda se alegaban tres causas de acción, todas ellas tendentes a anular el procedimiento ejecutivo hipotecario, siendo ésta la súplica final. La Corte de Distrito de San Juan desestimó dos de las causas de acción, sostuvo la tercera y declaró con lugar la contrademanda. La demandante Modesta Concepción Cosme, en su carácter de madre natural con patria potestad sobre sus hijos menores naturales reconocidos, apeló de cuanto se resolvió en su contra. El demandado, acreedor hipotecario original, no apeló.

Poco después de entablar este recurso de apelación, la demandante acudió a la corte inferior y solicitó se ejecutara la sentencia en tanto en cuanto le favorecía, y en efecto, toda vez que el procedimiento ejecutivo hipotecario era nulo, solicitó se le pusiera en posesión de los bienes. Sin embargo, la sentencia, considerando la contrademanda, había declarado que el demandado debía recobrar cierta suma por razón de la existencia del crédito hipotecario. La corte resolvió que la sentencia era un todo e indivisible, y más especialmente que la ejecución no procedía con motivo del recurso de apelación, y de ahí que declarara sin lugar la moción solicitando se ejecutara la sentencia. La demandante

NOTA: Véase la opinión de la mayoría en la página 783.

apeló de la orden declarando sin lugar la moción sobre ejecución de sentencia.

El artículo 297 del Código de Enjuiciamiento Civil provee:

"Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

El argumento de la apelante es que a ella se le podía poner en posesión de los bienes sin perjudicar los otros pronunciamientos de la sentencia o las otras reclamaciones de ella envueltas en su propia apelación. Se citan por la apelante varios casos de California pero los hechos son distintos. Por otra parte las decisiones de este tribunal tienden a demostrar que en todos los casos una apelación suspende los efectos de la sentencia. *Rivera v. Martínez,* 27 D.P.R. 475; *Buxó et al v. Buxó et al.,* 18 D.P.R. 190; y *Fernández v. El Pueblo,* 15 D.P.R. 621.

La demandante misma apeló. Ella tuvo oportunidad de conformarse con la sentencia y de solicitar se devolviera la propiedad, suponiendo que tal devolución pudiera ordenarse absolutamente.

La corte resolvió que los pronunciamientos de la sentencia eran interdependientes, mas no entró en una verdadera discusión de por qué lo eran así.

Examinando la sentencia, creo que el remedio concedido a la demandante no dependía en términos del otorgado al demandado. Cuando se declara nulo un procedimiento ejecutivo sumario la parte demandante tiene derecho a que se le ponga en posesión de los bienes objeto del mismo. La corte no hizo que la devolución de la finca dependiera del pago de la hipoteca. Lo que sí sostengo es que la sentencia queda necesariamente suspendida por la propia actuación de la demandante y según nuestras decisiones uniformes la apelación suspende la ejecución de la sentencia. El texto inglés

difiere del castellano y las palabras "pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación", no se refieren a nada de lo comprendido en la sentencia misma, sino a cuestiones que no han sido determinadas por la sentencia. Sea ello como fuere, la primera parte del artículo 297, supra, es clara y decisiva.

Tengo algunas consideraciones adicionales que hacer que aparentemente no han sido tocadas ni por la corte inferior ni por las partes. La apelación de la sentencia interpuesta por la demandante necesariamente impedía que el demandado ejecutara aquella parte de la misma que le concedía un remedio en su contrademanda, aunque en el análisis final era sólo una sentencia en cobro de dinero.

No es necesario dedicar mucho tiempo al análisis de la sentencia dictada a favor de la parte demandada porque creo que es evidente que la ejecución de la misma a favor del apelado quedó definitivamente en suspenso por la apelación interpuesta por la demandante. El demandado, quien también pudo haber apelado, pero no lo hizo, tendría las manos enteramente atadas durante la pendencia de la apelación, mientras que la aquí apelante estaría definitivamente en posesión de los bienes, y en libertad de hacer con los mismos lo que cualquier otro dueño. El efecto del recurso sin un *supersedeas* sería entonces que el apelado, acreedor hipotecario, no podría dar paso alguno para exigir su hipoteca. La idea del demandado al radicar la contrademanda fué obtener algún remedio contra la demandante y el fin mismo de la alegación sería así destruído. Naturalmente, la demandante tenía derecho a que se le restituyera en la posesión, y tal derecho quizá habría persistido si ella misma, conforme ocurre, no hubiera impedido la ejecución de la sentencia por la otra parte.

Por lo tanto, disiento.