Américo Colón, peticionario, *v.* Hon. R. Agraít Aldea, Juez, Corte de Distrito de Arecibo, Sección Primera, demandado.

Núm. 1568.—*Sometido:* Junio 19, 1944. *Resuelto:* Julio 10, 1944.

---

*Efraín Ramírez Ramírez,* abogado del peticionario; *Eduardo Pérez Casalduc,* abogado de la demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de Arecibo, en apelación de la Corte Municipal, en un caso sobre reclamación de salarios, el demandante apeló de dicha sentencia para ante esta Corte Suprema. La naturaleza del trabajo realizado por el demandante se expone en la querella en esta forma: "Que la querellada contrató los servicios de este querellante como peón en la casa de uno de sus Jefes de Campo y éste prestó dichos servicios como se fijan a continuación".

El demandante solicitó de la corte inferior que ordenara al taquígrafo la preparación de la transcripción de evidencia para perfeccionar su recurso y entonces la corte dictó una orden el 20 de mayo de 1944 que dice así:

"Lamentamos no poder dar la orden para la transcripción, porque según la ley de salarios, sólo hay derecho a una apelación *en caso de obreros agrícolas,* y no podríamos obligar al taquígrafo a trabajar en una transcripción si la misma ley niega el derecho de apelación." (Bastardillas nuestras.)

A solicitud del demandante expedimos un auto de *certiorari* para revisar esta actuación de la corte inferior. La demandada en el caso apelado fué notificada del auto y de la petición y no compareció a la vista ni ha radicado oposición alguna.

Las cortes de distrito no tienen facultad para negar a un litigante el derecho que les concede la ley de obtener los documentos necesarios, previo el pago de los derechos correspondientes, para perfeccionar una apelación establecida para ante esta corte. En el caso de autos uno de los hechos

en controversia es precisamente si los salarios reclamados son de naturaleza agrícola o no. La propia corte inferior al desestimar la demanda no resolvió expresamente .que los salarios reclamados eran agrícolas, sino que se limitó a decir en su opinión lo siguiente:

"Resultando de la prueba practicada que el trabajo del demandante por el cual reclama indemnización de horas extras, no consistía en servicios que prestara exclusivamente a la Central Cambalache, sino que realizaba trabajos de sirviente de un mayordomo de la Central, en asuntos particulares de la familia como la compra de frutos en el mercado, y resultando de la prueba que el demandante se dedicaba, también, a cuidar vacas de su propiedad y a traer y vender leche de esas vacas a la ciudad de Arecibo, y resultando además que el sueldo convenido no era por horas, sino a base de una cantidad por semana, y que el demandante gozaba de otros beneficios proporcionados por la Central, como casa, agua y luz gratis para él y su familia, la Corte entiende que no procede cobrar horas extras, que tampoco se probaron en forma convincente, pues no podrían determinarse debido a la forma mixta de trabajo que hacía el demandante, ocupándose no sólo del trabajo de atender caballos de la Central, sino de asuntos propios del mayordomo, y de asuntos personales suyos."

La determinación, por tanto, que hizo la corte inferior en la orden negando la transcripción de evidencia, de que se trata de un caso de reclamación de salarios agrícolas, no está sostenida por su opinión al resolver el caso. Y aunque sí lo estuviera, tampoco correspondía a la corte de distrito resolver si el caso es apelable o no para ante esta Corte Suprema, cf. *Rivera* v. *Martínez,* 27 D.P.R. 475.

*Se anula la orden dictada por la Corte de Distrito de Arecibo el 20 de mayo de 1944, y se devuelven los autos del caso Civil núm. 5514, Américo Colón v. Central Cambalache, a dicha corte, para ulteriores procedimientos.*