CRUZ ET AL., DEMANDANTES Y APELANTES, *v.* SUCESIÓN JIMÉNEZ, DEMANDADA Y APELADA.

DELGADO ET AL., INTERVENTORES Y APELANTES, *v.* CRUZ, SUCESIÓN JIMÉNEZ ET AL., Y JOAQUÍN JIMÉNEZ, DEMANDADA Y APELANTE LA SEGUNDA; DEMANDANTE Y APELANTE LA PRIMERA, Y DEMANDADO Y APELANTE EL ÚLTIMO.

APELACIONES procedentes de la Corte de Distrito de Humacao en pleito sobre nulidad de arrendamiento.

Nos. 2325 y 2911.—Resueltos en febrero 26, 1924.

SENTENCIAS—ERROR MATERIAL—REVOCACIÓN—ENMIENDA.—Cuando del contexto de la propia sentencia se desprende que la intención de la corte fué declarar sin lugar "las demandas" archivadas; el hecho de que en ella se diga que se declara sin lugar "la demanda," constituye un simple error material que no puede servir de base a la revocación de la sentencia, sino a su enmienda.

APELACIÓN—PARTE AGRAVIADA.—Examinadas las circunstancias concurrentes, se decidió que Joaquín Jiménez Cruz, que interpuso una de las apelaciones a que se refiere la opinión, no era una parte agraviada por la sentencia y por tanto que no tenía derecho a apelar de acuerdo con lo prescrito en el artículo 294 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogados de los demandantes y apelantes: *Sres R. Arce y José Guzmán Benítez.*

Abogado de la demandada y apelada: *Sr. F. González.*

Abogado de los interventores y apelantes: *Sr. A. Dones.*

Abogado del demandado y apelante Joaquín Jiménez: *Sr. J. Martínez Dávila.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La sentencia contra la cual se establecieron las apelaciones números 2325 y 2911 acumuladas por orden del tribunal, copiada a la letra, es como sigue:

"DISTRITO JUDICIAL DE HUMACAO, P. R.—EN LA CORTE DE DISTRITO.—Eladia Cruz y Jiménez, Viuda de Jiménez, demandante, versus La Sucesión del Doctor Manuel Jiménez Cruz, demandados, y Enrique Delgado y otros, interventores.—Civil No. 5501.—Sobre: Nulidad de arrendamiento.—SENTENCIA.—Con observancia de todos los trámites legales y representadas las partes por sus respectivos abogados, José de Guzmán Benítez por la demandante, Francisco González por los demandados y A. Dones por los interventores, se celebró la vista de este caso, en el curso de la cual los litigantes presentaron prueba documental y de testigos en apoyo de sus respectivos puntos de vista, y sometido el caso la corte ordenó la presentación de alegatos escritos y se reservó su resolución.

"Hoy 25 de junio de 1920, la corte, por las razones que se expresan en su decisión obrante en el récord de este caso, entiende que debe dictar y dicta sentencia declarando sin lugar la demanda presentada, con imposición de las costas causadas a la demandante y a los interventores.

"Dada en Corte abierta, en Humacao, P. R., a 25 de junio de 1920.—(F) R. Cuevas Zequeira, Juez del Distrito.—Attest: (F). A. Ramírez Jr., Secretario."

Esa sentencia se dictó en un pleito iniciado el 23 de julio de 1918 por Eladia Cruz y Jiménez, viuda de Jiménez, de ochenta y dos años de edad, contra la Sucesión de su hijo el Dr. Manuel Jiménez Cruz compuesta de los hijos del Doctor nombrados Isabel, Manuel, Gabriel y Concepción y de su viuda Florentina Jiménez, sobre "nulidad de arrendamiento." La demandante compareció por medio de su

abogado José de Guzmán Benítez.  La Sucesión demandada archivó su contestación el 20 de febrero de 1920.

El 17 de abril de 1919, compareció por su abogado A. Dones, Enrique Delgado, casado con Gertrudis Giménez Cruz, hija de doña Eladia, y, autorizado por la Corte, archivó una demanda como interventor, titulada de "nulidad de un contrato de arrendamiento y de otros actos y reclamación de perjuicios" y dirigida contra Eladia Cruz y Jiménez viuda de Jiménez, la Sucesión del Doctor Manuel Jiménez Cruz y Joaquín Jiménez Cruz.  La demanda de intervención fué contestada en abril 21, 1919, por Eladia Cruz viuda de Jiménez allanándose a la misma.  La Sucesión del Doctor Jiménez Cruz pidió la eliminación de ciertos particulares de dicha demanda de intervención en un escrito fechado el 26 de abril de 1919.  No consta la resolución de la corte pero debió ser favorable en todo o en parte porque seguidamente aparece de los autos una demanda enmendada del interventor Enrique Delgado fechada el 5 de junio de 1919.  A esta demanda enmendada contestó en 4 de septiembre de 1919 la Sucesión del Doctor Jiménez Cruz pidiendo que fuera declarada sin lugar.

El 15 de septiembre de 1919, con permiso de la corte, por medio del abogado Dones, comparecieron los llamados nuevos interventores Eladia, Ramona, María Dolores, María Joaquina y Josefa Jiménez Cruz, y Joaquin, Juan y Dolores Jiménez Matutez, y archivaron su demanda titulada "de nulidad de un contrato de arrendamiento y reclamación de perjuicios," contra Eladia Cruz viuda de Jiménez, la Sucesión del Doctor Jiménez Cruz y Joaquín Jimenez Cruz.  Doña Eladia contestó allanándose a la demanda de los nuevos interventores el 28 de septiembre de 1919.  La Sucesión del Doctor Jiménez Cruz lo hizo, oponiéndose, el 18 de febrero de 1920.

En mayo 8, 1920, todos los interventores por medio de

su abogado Dones acusaron la rebeldía del demandado Joaquín Jiménez Cruz y la rebeldía fue anotada por el secretario de la corte el 12 de mayo de 1920.

Celebrado el juicio, la corte dictó la sentencia que dejamos transcrita. El secretario archivó en los autos la notificación de la sentencia a José de Guzmán Benítez y A. Dones, abogados de la demandante y de los interventores. El 9 de julio apelaron contra la sentencia los interventores notificando al secretario. El 19 de julio apeló la demandante por su abogado Guzmán, notificando el escrito al secretario y al abogado de la Sucesión del Doctor Jiménez Cruz.

Dedicáronse entonces los apelantes a la preparación de la transcripción de los autos y tuvieron lugar los procedi-- mientos a que se refieren las decisiones de este tribunal de enero 13 de 1921, reportada en 29 D. P. R. 5, anulando ciertas órdenes dictadas concediendo prórrogas para radicar la exposición del caso; de 23 de diciembre de 1921, reportada en 30 D. P. R. 57, ordenando la eliminación de la transcrip· ción de la evidencia archivada, y de 3 de julio de 1922, reportada en 30 D. P. R. 853, reiterando la misma resolu ción de 23 de diciembre de 1921.

Ambas apelaciones, la de la demandante doña Eladia y la de los interventores, se tramitaron bajo el número 2325 de este tribunal.

Así las cosas, el demandado Joaquín Jiménez Cruz se dirigió al secretario de la Corte de Distrito de Humacao por medio de un escrito fechado el 3 de octubre de 1922 y le pidió que le notificara la sentencia lo que hizo el secre tario el 16 de octubre de 1922. Joaquín Jiménez Cruz, en-- tonces, por medio de su abogado José Martínez Dávila, el 26 de octubre de 1922, apeló de la sentencia de 25 de junio de 1920, notificando su escrito al secretario y a los aboga dos Guzmán, Dones y González. El recurso interpuesto se radicó en este Tribunal Supremo con el No. 2911.

La Sucesión del Doctor Jiménez Cruz en noviembre 20 de 1922, solicitó la desestimación del recurso No. 2911. Las partes fueron oídas el 4 de diciembre de 1922 y la corte pospuso la decisión de las cuestiones suscitadas para cuando el caso se viera en su fondo y ordenó la acumulación de los autos a los radicados bajo el No. 2325.

Finalmente, el 31 de mayo de 1923, se celebró la vista con asistencia de todas las partes quedando sometidas a la consideración y decisión del tribunal la totalidad de las cuestiones envueltas.

Mientras los anteriores hechos ocurrían, murieron doña Eladia Cruz viuda de Jiménez y don Enrique Delgado. Los herederos de doña Eladia, con excepción de sus nietos los hijos del doctor Jiménez Cruz, pidieron que se les sustituyera por su causante y así lo acordó la corte. Doña Gertrudis Jiménez y sus hijas Aurora y Gertrudis Delgado y Jiménez sustituyeron a Enrique Delgado.

A los efectos de la apelación interpuesta por doña Eladia y los interventores, no cabe examinar la prueba practicada. El récord sólo consta de las alegaciones y la sentencia.

En cuanto a la apelación establecida por Joaquín Jiménez Cruz, es necesario resolver primero la moción de desestimación del recurso. Sólo en el caso de que se declarara sin lugar dicha moción, debería entrarse en el fondo. La transcripción es completa. Contiene la prueba que fué eliminada en los otros recursos.

Comenzaremos nuestro estudio por las cuestiones planteadas por la primitiva demandante y los interventores. Se han presentado alegatos por separado. El de doña Eladia contiene trece señalamientos de error. El de los interventores nueve.

El primer error es el mismo. Se sostiene que la corte erró al limitarse a declarar sin lugar la demanda dejando

sin resolver las demandas de los interventores. Sobre ello se llenan páginas y más páginas de los alegatos. A nuestro juicio sólo existe la omisión de tres eses. No ya recurriendo a la opinión de la corte, sino limitándonos a la propia sentencia, se ve claramente que por ella se resolvieron todas las cuestiones levantadas. En la sentencia se hace constar la comparecencia de la demandante y de los interventores y se imponen las costas a la una y a los otros. Es indudable que la intención del juez fué decir "las demandas presentadas" en vez de "la demanda presentada." Se trata de un simple error material que no puede servir de base a la revocación de la sentencia. Sólo a su enmienda. *Martínez* v. *Oppenheimer,* 31 D. P. R. 904.

Todos los otros errores se refieren a cuestiones suscitadas y dejadas de resolver por la corte, o resueltas por ella erróneamente, a juicio de los apelantes, y a la imposición de las costas. Para argumentar esos errores se hacen esfuerzos extraordinarios, pero la verdad es que eliminada de la transcripción la prueba y basándose la sentencia apelada no sólo en las alegaciones sino en la apreciación de la prueba, la situación de los apelantes es más que difícil, imposible. Sería alargar innecesariamente esta opinión discutir uno por uno dichos errores. Los hemos examinado y hemos llegado a la conclusión de que todos carecen de fundamento, y en cuanto a las costas no habiéndose demostrado que la corte abusara de su poder discrecional, tampoco cabe revocar su decisión.

Veamos ahora la apelación interpuesta por Joaquín Jiménez Cruz.

Dicho Joaquín Jiménez Cruz fué demandado por los interventores. En sus demandas alegaron éstos la nulidad de cierto contrato de arrendamiento otorgado por doña Eladia Cruz viuda de Jiménez con el doctor Manuel Jiménez Cruz y con Joaquín Jiménez Cruz. . El demandado Joaquín

Jiménez no compareció, como dejamos consignado, y se anotó su rebeldía. Apeló en la forma que hemos visto y pende ante nosotros la moción solicitando la desestimación del recurso por él interpuesto, a que nos hemos referido.

La moción se basa en que Joaquín Jiménez no es una parte perjudicada por la sentencia y por tanto no tiene derecho a apelar.

Después de un estudio detenido de todas las cuestiones envueltas, estamos convencidos de que procede la desestimación del recurso.

¿Cuál fué y es la posición de Joaquín Jiménez en este pleito? De acuerdo con las alegaciones la de un demandado que otorgó un contrato de arrendamiento cuya nulidad se pide. ¿Qué hizo durante el litigio? Nada absolutamente. ¿Cuál fué la sentencia? Una por virtud de la cual se declaró sin lugar la demanda. Dentro, pues, del círculo de las alegaciones, la sentencia dictada contra este demandado rebelde en nada le perjudica; le favorece en un todo.

Es cierto que se acompañó a la impugnación de la moción de desestimación una copia de la declaración prestada en el juicio por Joaquín Jiménez de la cual se desprende que él está en contra de la otra parte demandada, los herederos de su hermano el doctor Manuel Jiménez Cruz, pero si ello era así, él debió figurar asociado como demandante a los interventores o éstos debieron demandarlo en tal concepto y no en el que lo hicieron. Es después que doña Eladia y los interventores vieron perdida su apelación por no haber archivado la prueba, que surge Joaquín Jiménez Cruz, pero por más que se desee es imposible alterar el procedimiento.

Procediendo la desestimación del recurso, claro es que no cabe entrar en el fondo del mismo, pero deseamos consignar que la confirmación de la sentencia dictada no envuelve a nuestro juicio injusticia notoria. Creemos que el juez sen-

tenciador penetró con firmeza en la entraña del litigio y dictó el fallo que las circunstancias concurrentes demandaban.

Por virtud de todo lo expuesto debe declararse sin lugar la apelación establecida por doña Eladia y los interventores y desestimarse la interpuesta por Joaquín Jiménez, confirmándose, en su consecuencia, la sentencia apelada.

> *Confirmada la sentencia apelada, modificándola.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf firmó: "Por las razones de la opinión y por otras conforme con la sentencia."

### OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

Al ser firmada la opinión en este caso tuve la idea de que también podría ser sostenida por la teoría de que algún tiempo razonable después de la sentencia puede presumirse la notificación al apelante y que su término para apelar queda agotado, especialmente porque el estatuto que autoriza la apelación no dispone que el término para apelar empiece a contarse a partir del hecho real de la notificación sino del acto del secretario de la corte de distrito, manifestando que ha sido enviada la notificación. Sobre este acto o actos el apelado no tiene ningún control directo. Sin embargo, un apelado tiene este control dentro de sus facultades para obligar al secretario a que actue si dicho apelado desea obtener una sentencia firme. El principio de una limitación al derecho de apelar se interpreta estrictamente en favor de un apelante. 3 C. J. p. 1059 y siguientes donde se citan entre otros casos de California y de Louisiana. Por tanto después de una consideración no tengo otras razones que expresar y estoy de acuerdo con la opinión de la corte.