José Delgado González, demandante y apelante, *v.* Avelino Márquez Díaz y Saturnino Dávila, demandados y apelados.

No. 4190.—*Visto:* Mayo 9, 1927. *Resuelto:* Julio 12, 1927.

APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—TÉRMINO PARA INTERPONER EL RECURSO—COMIENZO DEL MISMO—ARCHIVO DE COPIA DE LA NOTIFICACIÓN DE SENTENCIA.—SU SUFICIENCIA.—La constancia —nota—del secretario al pie de una resolución apelable al efecto de haberse enviado copia de ella a los abogados de la parte perjudicada, no constituye el archivo de la copia de la notificación con los autos a que se refiere la sección 2 de la Ley No. 70 de 1911 (p. 238).

Moción sobre desestimación de apelación, interpuesta ésta contra resoluciones de *Pablo Berga* y *Gabriel Castejón,* J. (Humacao), en acción sobre tercería de bienes muebles. *No ha lugar a desestimar.*

M. *Rodríguez Serra,* abogado del apelante; *González Fagundo &*

*González Jr.,* abogados del apelado; *Avelino Márquez Díaz,* representado éste por sus herederos.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

José Delgado González inició un procedimiento de tercería en la Corte de Distrito de Humacao el 30 de agosto de 1922. El 22 de septiembre siguiente formuló la cuestión por escrito por medio de su abogado Celestino Benítez. El demandado Márquez contestó en octubre 10, 1922, oponiéndose. Pasó el tiempo sin que nada más se hiciera y la corte el 21 de noviembre de 1924 dictó una resolución decretando el archivo del caso por abandono.

Al pie de ella aparece una nota que dice:

"Copia de la anterior resolución remitida a Celestino Benítez, Juncos, abogado del demandante, hoy 21 de Nov. 1924. (Firmado) A. Ramírez, Jr., Secretario."

Sigue luego una moción del demandado Márquez fechada el 6 de mayo de 1926 pidiendo que se dicte sentencia contra el demandante y sus fiadores, y una orden accediendo a lo solicitado, al pie de la cual existe una nota que expresa:

"El Secretario que subscribe certifica: que con fecha de hoy 13 de mayo de 1926 ha remitido por correo certificado a Celestino Benítez de Juncos como abogado del tercerista José Delgado González, a Miguel Santiago Morales y Onofre Solano, ambos de Caguas, como fiadores, copias de la orden que precede.—Humacao, P. R. a 13 de Mayo de 1926. (Firmado) A. Ramírez, Jr.—Secretario.—Hay tres recibos impresos del correo creditivos del envío por correo certificado de tres pliegos por el Secretario de la Corte a Miguel Morales Santiago, Caguas, a Onofre Solano, Caguas y a Celestino Benítez, Juncos, en Mayo 13 de 1926, suscritos por J. Carreras, Postmaster."

El 10 de febrero de 1927 el tercerista, por medio de su abogado M. Rodríguez Serra, archivó un escrito apelando para ante esta Corte Suprema de la resolución de 21 de noviembre de 1924 y de la orden de 12 de mayo de 1926.

El 13 de abril último la parte apelada solicitó la desestimación del recurso por haberse interpuesto fuera del tér-

mino de ley. Se opuso la parte apelante alegando que el término para apelar no ha vencido porque no se han radicado con los autos las notificaciones de las resoluciones apeladas y es a partir de dichas radicaciones que el término se cuenta. El 9 de mayo ambas partes fueron oídas sobre la moción.

La cuestión envuelta en este caso ha sido debatida en varias ocasiones en el seno del tribunal. Véase *Cruz et al.* v. *Sucesión Jiménez,* 32 D.P.R. 833, y opinión concurrente del Juez Asociado Sr. Wolf, a la página 840.

Luego, en el caso de *Del Rosario* v. *Allende,* 33 D.P.R. 770, emitiendo la opinión de la corte el propio Juez Asociado Sr. Wolf, se decidió:

"que la mera adición a los autos de una certificación fechada pero sin firmar por el secretario, creditiva de que el día que expresa la fecha fué enviada una copia de la notificación de la sentencia a la parte perjudicada por ésta, no constituye la debida radicación de la notificación de la sentencia que de acuerdo con el artículo 2 de la ley de 1911 sirve de base para limitar el término de apelación."

¿Pueden sustituir las constancias del secretario que dejamos transcritas, al archivo de la notificación con los autos? No es posible. La ley es terminante. Dice que el secretario comunicará la sentencia apelable a la parte por medio de "una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, *y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos.*"

No se concibe que no se cumpla por los funcionarios a ello llamados un precepto de ley tan preciso y de tanta trascendencia para las partes. Estas, por medio de sus abogados, deben vigilar su debido cumplimiento, ya que como se dijo en la opinión concurrente al caso de *Cruz et al* v. *Sucesión Jiménez, supra,* "El principio de una limitación al derecho de apelar se interpreta estrictamente a favor del

apelante, 3 C. J. p. 1059, y siguientes donde se citan casos de California y de Louisiana.

*No ha lugar a la desestimación.*