José Delgado González, demandante y apelante, *v.* Avelino Márquez Díaz y Saturnino Dávila, demandados y apelados.

No. 4190.—*Visto:* Noviembre 17, 1927. *Resuelto:* Marzo 6, 1928.

Desistimiento y "Non Suit"—Involuntario—Falta de Tramitación o Gestión en el Pleito—En General.—Si bien las cortes tienen autoridad para declarar una acción abandonada por causas distintas a las especificadas en el artículo 192 del Código de Enjuiciamiento Civil dentro de la autoridad conferídales por la Regla 3 de las Reglas para dichas cortes, sin embargo, para que surja la jurisdicción de la corte de los autos mismos, debe llevarse a ellos constancia de la previa notificación a las partes.

ÓRDENES de *Gabriel Castejón, J.* (Humacao), sobre archivo y sobre-
  seimiento del caso por abandono y sobre pago por el tercerista y
  y sus fiadores, del valor de la propiedad embargada no devuelta
  por dicho tercerista. *Revocadas* y devuelto el caso.
*M. Rodríguez Serra,* abogado del apelante; *González Fagundo &
  González, Jr.,* abogados del demandado apelado Márquez Díaz.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
  tribunal.

El 30 de agosto de 1922 José Delgado presentó una de-
claración jurada afirmando ser suyo el auto *truck* marca
"Garford", licencia H. P. 89, embargado por el márshal de
la Corte de Distrito de Humacao como de la propiedad del
demandado, en el pleito seguido por Avelino Márquez con-
tra Saturnino Dávila, en cobro de dinero. Y basándose
en dicha declaración jurada y en una fianza prestada por
él como principal y por Onofre Solano y Miguel Morales,
como fiadores, pidió al márshal la entrega inmediata de di-
cho auto *truck.* Este fué tasado en $1,500. La fianza se
prestó a favor de Márquez, por $3,000, siendo su condición
la usual en tales casos. De acuerdo con su petición, el auto
*truck* le fué entregado a Delgado.

El Secretario de la Corte de Distrito de Humacao noti-
ficó a las partes en el pleito civil en que se decretó el em-
bargo, lo ocurrido. A virtud de la notificación Márquez,
el demandante en el dicho pleito, se apersonó en el de ter-
cería. El demandado nada hizo. El tercerista Delgado se
apersonó formalmente y dictada la orden correspondiente
por la corte, formuló su posición por escrito alegando, en
resumen, que el auto *truck* había dejado de pertenecer a
Dávila desde el 18 de julio de 1921, fecha en que fué adqui-
rido por él por compra hecha constar en escritura pública.
Márquez contestó negando la propiedad alegada por Delgado.
Y así, desde octubre 10, 1922, quedó trabada la contienda.

Nada se gestionó y el 21 de noviembre de 1924 la corte
dictó la siguiente resolución:

"Hoy 21 de noviembre de 1924, señalado para que compareciera

la parte demandante a exponer razones por las cuales no deba tenérsele por desistida de su acción en este caso, por falta de instancia, toda vez que ha transcurrido más de un año sin que haya hecho gestión alguna en el sentido de proseguir este caso, la corte ordena el sobreseimiento y archivo del mismo, sin especial condenación de costas. Dada en Corte abierta, en Humacao, P. R., a 21 de noviembre de 1924. (Firmado) Pablo Berga, Juez del Distrito.''

El 6 de mayo de 1926 compareció Márquez y pidió a la corte que habiendo transcurrido más de diez días desde la fecha de la sentencia sin que el auto *truck* fuese devuelto, procedía dictar sentencia contra el tercerista y sus fiadores por el valor de la propiedad más intereses a razón del seis por ciento anual. Y la corte, el 12 de mayo de 1926, vistas las secciones 14 y 15 de la ley sobre tercerías, de 1907, dictó la orden solicitada.

El 10 de febrero de 1927 el tercerista Delgado apeló de la resolución de 21 de noviembre de 1924 y de la de 12 de mayo de 1926, para ante este tribunal. Y es su apelación la que estamos considerando.

Además de las constancias de los cuales hemos obtenido los anteriores hechos, forma parte de los autos de la apelación una ''relación del caso'' aprobada por la corte sentenciadora el 25 de febrero de 1926. De dicha relación transcribimos los dos párrafos que siguen:

''No hay constancia en los autos de que antes de dictarse la mencionada sentencia o resolución del 21 de noviembre, el demandante fuera citado u oído en alguna forma.''

*       *       *       *       *       *       *

''No aparece de los autos que la moción en cuya virtud se dictó la mencionada orden del 12 de mayo, 1926, fuera notificada, en forma alguna, al demandante o a sus fiadores. Tampoco aparece en los autos ni en el libro de minutas de la corte que fueran oídos en forma alguna antes de dictarse la referida orden.''

En su alegato el apelante señala la comisión de cuatro errores. El primero se imputa a la corte ''al dictar su re-

solución de 21 de noviembre, 1924, *motu proprio,* sin citar ni oir previamente a la parte a quien perjudicaba.''

Discutiendo el error sostiene el apelante que la corte no tenía autoridad para dictarla y cita el artículo 192 del Código de Enjuiciamiento Civil que es el que determina cuándo se podrá desistir de una demanda o declararse abandonada.

Hemos examinado cuidadosamente dicho artículo y en verdad que el caso de autos no está en él comprendido.

Ello, sin embargo, no quiere decir que la corte carezca de jurisdicción para terminar un asunto enteramente abandonado. A ese respecto se promulgó la regla 3 de las ''Reglas para las Cortes de Distrito,'' que dice:

''Regla 3.—Al llamarse el calendario en cada término regular, la corte, motu propio y *previa notificación* de, por lo menos, cinco días a las partes, podrá ordenar la desestimación y archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiere hecho progreso alguno y anotádose en el récord, por un período de un año o más, debido a la negligencia de las partes, a menos que esta tardanza se justifique oportunamente a satisfacción del Tribunal.'' (Bastardillas nuestras.)

El apelante admite la existencia de la regla y en cierto modo la aplicabilidad de la misma a su caso, pero sostiene que si en ella se basó el juez sentenciador, debió ajustarse a sus prescripciones que requieren la *previa notificación* a las partes. Y es aquí que surge, a nuestro juicio, la cuestión decisiva del recurso.

De la resolución de 21 de noviembre no aparece de modo expreso que se hiciera la notificación previa exigida por la regla. Sostiene la parte apelada que debe presumirse que la ley fué cumplida.

En la relación del caso aprobada por la corte a los efectos de esta apelación hemos visto que se consigna que ''no hay constancia en los autos de que antes de dictarse la mencionada sentencia o resolución del 21 de noviembre, el demandante fuera citado ni oído en forma alguna.''

Ninguna de las partes cita jurisprudencia aplicable. La cuestión es dudosa, y en la duda creemos que debe resolverse en pro de una consideración de los méritos del derecho en controversia.

Cuando un demandante deja de comparecer en el caso de la regla 3, su actitud se asemeja mucho a la del demandado que deja de contestar. Si el demandado no contesta, se acusa su rebeldía y puede dictarse sentencia en contra suya aún por el secretario de la corte en propios casos, pero para que la sentencia sea válida, no basta la presunción de que fué debidamente emplazado el demandado, si que es necesario que el emplazamiento se haga formar parte del legajo de la sentencia. Y así debe hacerse en los casos de la regla 3 cuando el demandante no comparece. Para que surja la jurisdicción de la corte de los autos mismos, debe llevarse a ellos constancia de la notificación.

Habiendo llegado a la conclusión de que la resolución de 21 de noviembre de 1922 es nula por tal motivo, se hace innecesario considerar los otros errores que señala el apelante. En cuanto a la otra resolución apelada, bastará decir, que fundada como está en la de 21 de noviembre de 1922, nula ésta, cae aquélla enteramente por su base.

[2] Parece conveniente decir que en su alegato la parte apelada insiste en que la apelación debería desestimarse, haciendo referencia a hechos que no constan de los autos. En cuanto a lo que de los autos consta, la cuestión fué estudiada y resuelta por la decisión de este tribunal de 12 de julio último dictada en este mismo caso, 37 D.P.R. 135, y en cuanto a las otras circunstancias que puedan concurrir, no formando parte del récord, no pueden ser consideradas.

*Deben revocarse las órdenes apeladas y el caso devolverse para ulteriores procedimientos.*

El Juez Asociado Señor Texidor no intervino.