Juan, Francisco y Rosario Bianchi y Rosafa, demandantes, apelados y apelantes, *v.* Estela Bianchi Rosafa, demandada, apelante y apelada.

No. 6173.—*Sometido:* Junio 22, 1933. *Resuelto:* Noviembre 24, 1933.

*José Sabater,* abogado de la demandada apelante; *Miguel A. García Méndez,* abogado de los demandantes apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 8 de octubre de 1930, la Corte de Distrito de Mayagüez dictó una orden de *injunction* dirigida a la demandada Estela Bianchi Rosafa para que se abstuviese de impedir a los demandantes la ejecución de ciertos actos en determinadas parcelas de terreno propiedad de dichos demandantes, mientras se sustanciaban y hasta que fuesen resueltos en definitiva dos pleitos de desahucio incoados por la demandada en las Cortes Municipales de Mayagüez y Añasco. Esta orden de *injunction* fué apelada y confirmada por esta corte en 5 de febrero de 1931. En 5 de febrero de 1932, la Corte de Distrito de Mayagüez, a petición de los demandantes, dictó una orden decretando el sobreseimiento y definitivo archivo de la demanda de *injunction* con imposición de costas y honorarios de abogado a la parte demandada. En 26 de marzo de 1932 los demandantes radicaron un memorándum de costas. La demandada impugnó dicho memorándum alegando, entre otras cosas, que no había sido oída y que no se había dictado una sentencia definitiva. Resolviendo esta impugnación la corte inferior se expresó en los siguientes términos:

"A juicio de la corte, la orden de fecha 5 de febrero de 1932 es una sentencia definitiva que debió registrarse por el secretario y notificarse de acuerdo con las disposiciones de la ley, por ser la misma apelable. La sección 2 de la ley de 9 de marzo de 1911, página 238, titulada 'Ley para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil,' dice como sigue:

'Sección 2. En todos los casos en que se puede establecer el recurso de apelación, según lo provisto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11, de 1908,

será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos.'

"Al calce de la orden de fecha 5 de febrero de 1932 aparece una nota sin firmar que dice así:

'Notificada esta resolución a los Lcdos. Nazario & García Méndez y José Sabater hoy 15 de marzo de 1932. E. San Millán. Secretario.'

"Esta nota en modo alguno constituye el archivo de la copia de la notificación de la sentencia que de acuerdo con la ley sirve de base para limitar el término de la apelación. A este respecto, la ley es clara y terminante. Dispone que el secretario comunicará la sentencia apelable a la parte perdidosa mediante una notificación escrita informándole que la sentencia ha sido dictada o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos."

El Secretario de la Corte de Distrito de Mayagüez, ajustándose al criterio sostenido en la opinión que antecede, notificó a los abogados de las partes interesadas la sentencia ordenando el sobreseimiento y archivo del pleito de *injunction* y condenando en costas y honorarios de abogado a la demandada. Esta notificación, según consta de los autos, se llevó a efecto en agosto 19 de 1932. En septiembre 2 del mismo año apeló la demandada de la orden que se dictó en 5 de febrero de 1932. Las conclusiones de la corte inferior con respecto a la fecha en que comienza a correr el término para establecer el recurso de apelación se basan en la jurisprudencia sentada por este tribunal interpretando el artículo 2 de la ley de marzo 9, 1911 (Comp. 5339). En el caso de *Delgado* v. *Márquez Díaz,* 37 D.P.R. 135 esta corte se negó a desestimar una apelación interpuesta en febrero de 1927 contra una sentencia dictada en noviembre de 1924 y otra en mayo de 1926. Copia de estas resoluciones, según hace

constar el secretario en una nota al calce de las mismas, fueron notificadas, por correo en ambos casos y bajo sobre certificado en uno de ellos, al abogado del demandante. Esta corte, interpretando la ley, que califica de terminante y precisa, se expresó así:

"¿Pueden sustituir las constancias del secretario que dejamos transcritas, al archivo de la notificación con los autos? No es posible. La ley es terminante. Dice que el secretario comunicará la sentencia apelable a la parte por medio de 'una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, *y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del achivo de dicha notificación con los autos.*'

"No se concibe que no se cumpla por los funcionarios a ello llamados un precepto de ley tan preciso y de tanta trascendencia para las partes. Estas, por medio de sus abogados, deben vigilar su debido cumplimiento, ya que como se dijo en la opinión concurrente al caso de Cruz et al. v. Sucesión Jiménez, supra (32 D.P.R. 833). 'El principio de una limitación al derecho de apelar se interpreta estrictamente a favor del apelante, 3 C. J., p. 1059, y siguientes donde se citan casos de California y de Louisiana.' "

■ Arguyen los demandantes que, si como alega la demandada, la orden que decreta el archivo del caso y la condena en costas no es una sentencia definitiva, entonces el plazo para promover la apelación ha expirado, por haber transcurrido más de diez días desde el 19 de agosto de 1932 hasta el 2 de septiembre del mismo año, fecha en que se interpuso el recurso de apelación. Entendemos que si se trata realmente de una sentencia definitiva, el criterio que pueda sustentar la parte demandada con respecto al carácter de la misma no menoscaba su derecho para apelar dentro del período fijado por la ley. Es verdad que la demandada admite que fué notificada por el secretario de la orden apelada en 15 de marzo de 1932; pero no es menos cierto que no se archivó en los autos, según consta claramente de la nota del secretario, una copia de esa notificación, y por lo tanto no pudo comenzar a correr en esa fecha el término para recurrir de la sentencia dictada.

Con respecto a las costas decretadas, cualquiera que sea el criterio que sustentemos al resolver la apelación, acerca de la autoridad de la corte para concederlas un año cuatro meses después de pronunciada en primera instancia la sentencia original, entendemos que resuelve definitivamente los derechos de las partes en cuanto a dichas costas y que tiene el carácter de una sentencia definitiva separadamente dictada. La orden puede ser errónea, por haberse condenado en costas y honorarios de abogado a la demandada mucho tiempo después de ordenada la expedición del auto de *injunction,* y cuando la sentencia original había quedado *ipso facto* extinguida, al ser firmes las sentencias de desahucio; pero es indudable que la orden de archivo, acertada o errónea, resuelve definitivamente en cuanto a las costas los derechos de las partes.

También se alega por los demandantes que la apelación interpuesta es claramente frívola. Opinamos que este recurso fué promovido dentro del término fijado por la ley, que no es frívolo como alegan los demandantes, y que no procede su desestimación.