Leopoldo José Eulogio Vázquez Prada y López, demandante y apelante, *v.* Lorenzo Martinó y González, demandado y apelado.

No. 6613.—*Sometido:* Marzo 5, 1934. *Resuelto:* Marzo 9, 1934.

El apelante compareció por escrito. *Dubón & Ochoteco,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Se trata de una apelación establecida contra sentencia dictada por una corte de distrito en un caso procedente de una corte municipal en el que la parte apelada solicita la desestimación del recurso porque habiéndose notificado al apelante la sentencia recurrida el 8 de enero de 1934, no radicó su escrito de apelación hasta el 6 de febrero siguiente, o sea cuando ya había vencido el término de quince días que la ley concede para establecer el recurso de apelación de tales casos.

Se acompaña a la moción una certificación expedida por el secretario de la corte de distrito que en lo pertinente dice:

"Que el 8 de enero de 1934, recayó sentencia en el caso de epígrafe, y en esta Corte de Distrito del Distrito Judicial de Bayamón, P. R., por virtud de la cual también se declaró sin lugar dicha demanda enmendada, y cuya sentencia le fué notificada al demandante en igual fecha 8 de enero de 1934, habiendo radicado escrito de apelación contra el ameritado fallo, el tantas veces citado demandante, y en la Secretaría de este Tribunal el 6 de febrero de 1934."

Tratándose como se trata de una sentencia dictada por una corte de distrito en apelación, no hay duda alguna que el término para apelar es el de quince días. Artículo 295 del Código de Enjuiciamiento Civil, No. 2, Ed. 1933, p. 138.

Así lo admite el apelante, pero sostiene, oponiéndose a la desestimación, que cuando interpuso su recurso no había transcurrido el término, ya que éste comienza a contarse a partir del archivo de la notificación con los autos y ni de la moción ni de la certificación acompañada a la misma consta cuándo se verificó el archivo, siendo lo cierto que tal archivo no se había verificado.

■■■ Tiene razón el apelante. La cuestión en controversia se resolvió en el caso de *Delgado* v. *Márquez Díaz*, 37 D.P.R. 135, 136, como sigue:

"El 13 de abril último la parte apelada solicitó la desestimación del recurso por haberse interpuesto fuera del término de ley. Se opuso la parte apelante alegando que el término para apelar no ha vencido porque no se han radicado con los autos las notificaciones de las resoluciones apeladas y es a partir de dichas radicaciones que el término se cuenta. El 9 de mayo ambas partes fueron oídas sobre la moción.

"La cuestión envuelta en este caso ha sido debatida en varias ocasiones en el seno del tribunal. Véase Cruz et al. v. Sucesión Jiménez, 32 D.P.R. 833, y opinión concurrente del Juez Asociado Sr. Wolf, a la página 840.

"Luego, en el caso de Del Rosario v. Allende, 33 D.P.R. 770, emitiendo la opinión de la corte el propio Juez Asociado Sr. Wolf, se decidió:

" 'Que la mera adición a los autos de una certificación fechada pero sin firmar por el secretario, creditiva de que el día que expresa la fecha fué enviada una copia de la notificación de la sentencia a la parte perjudicada por ésta, no constituye la debida radicación de la notificación de la sentencia que de cuerdo con el artículo 2 de la Ley de 1911 sirve de base para limitar el término de apelación.'

" ¿Pueden sustituir las constancias del secretario que dejamos transcritas, al archivo de la notificación con los autos? No es posible. La ley es terminante. Dice que el secretario comunicará la sentencia apelable a la parte por medio de 'una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos.'

"No se concibe que no se cumpla por los funcionarios a ello llamados un precepto de ley tan preciso y de tanta trascendencia para las partes. Éstas, por medio de sus abogados, deben vigilar su debido cumplimiento, ya que como se dijo en la opinión concurrente al caso de Cruz et al. v. Sucesión Jiménez, supra, 'El principio de una limitación al derecho de apelar se interpreta estrictamente a favor del apelante,' 3 C. J. p. 1059, y siguientes donde se citan casos de California y de Louisiana.''

Véase además el caso de *Bianchi* v. *Bianchi,* 45 D.P.R. 751 en el que se citó y aplicó la doctrina del caso de Delgado, supra.

En su informe oral sostuvo el apelado que debía presumirse que el secretario había cumplido con su deber. Sin embargo, levantada como ha sido la cuestión por el apelante y solicitada la desestimación por el mero transcurso del término fijado por la ley para apelar, la parte que así lo solicita debe proporcionar a la corte la base exacta para resolver la cuestión que le planteara. La certificación acompañada a la moción es insuficiente. No basta que exprese cuándo se notificó la sentencia a la parte perdidosa. Es necesario que diga cuándo se archivó la notificación con los autos, porque es a partir de la fecha del archivo que comienza a correr el término para apelar.

*No ha lugar a la desestimación solicitada.*

EN MOCION DE RECONSIDERACION

Marzo 21, 1934

El 9 de marzo en curso se declaró no haber lugar a desestimar la apelación interpuesta en este caso por no haber acreditado la parte apelada que así lo solicitó la fecha en que se archivara con los autos la notificación de la sentencia a la parte apelante, fecha a partir de la cual comienza a correr el término para la apelación de acuerdo con la ley.

La parte apelada presenta ahora una "moción de reconsideración" acompañada de una certificación del Secretario de la corte de distrito que contiene el dato que faltaba. Como este caso se ha repetido varias veces, parece conveniente recordar que es procedente la reconsideración cuando el razonamiento seguido para dictar la orden o sentencia de que se trate fuere erróneo o cuando los hechos del caso tales como consten de autos en el momento de dictarse la orden o sentencia no hubieren sido debidamente apreciados, pero no a virtud de nuevos elementos que se aporten después, como aquí sucede.

Los hechos que estaban ante esta corte el 9 de marzo no fueron indebidamente apreciados y la ley y la jurisprudencia se aplicaron rectamente. No cabe reconsiderar, sino reafirmar. Lo que procede es que la parte apelada presente una nueva moción de desestimación acompañada de la nueva prueba que ha obtenido, moción que se tramitará de acuerdo con la ley y las reglas de la corte y será resuelta en su oportunidad por sus propios méritos.

*No ha lugar a la reconsideración solicitada.*