ANGEL FERNÁNDEZ RAMÍREZ, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 956.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Diciembre 17, 1935.

*L. Domínguez Rovira* y *F. Beiró Rovira,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el Registro de la Propiedad de Guayama fué presentada para inscripción una escritura otorgada en mayo de 1935 sobre cesión de crédito hipotecario y prórroga del mismo con las cláusulas de la escritura original de constitución de hipoteca, que tiene interés al 12 por ciento anual. El registrador inscribió la cesión del contrato y la prórroga de la hipoteca pero denegó la inscripción en cuanto a lo referente a los intereses del 12 por ciento. Por esa negativa interpuso el actual acreedor hipotecario Angel Fernández Ramírez el presente recurso.

■■■ De la escritura a que nos hemos referido y de las inserciones que contiene de otras escrituras aparece que en enero de 1926 constituyó Nicolás Cintrón hipoteca por término de dos años sobre una finca de su propiedad para garantizar el pago de un préstamo de $1,500 que le hizo José Federico Ortiz con intereses convenidos del 12 por ciento anual, sin que contuviera estipulación sobre los intereses que deberían pagarse después del vencimiento de la obligación. Ese préstamo fué prorrogado por escritura de 1928 por otro término de dos años y con las mismas estipulaciones convenidas en la escritura de 1926. Al vencimiento en 1930 de la expresada prórroga, no fué hecha por escrito nueva prórroga y el deudor continuó pagando los intereses al 12 por ciento por convenio verbal entre las partes. No fué hasta el 1º de septiembre de 1933 que se otorgó otra escritura pública por la cual el acreedor José Federico Ortiz cedió ese crédito hipotecario a José María Escalera, en cuyo documento Escalera prorrogó la hipoteca por término de dos años con las mismas estipulaciones de la escritura original de constitución de la hipoteca. Posteriormente, en 1935, cedió Escalera ese crédito al recurrente, quien en el mismo documento prorrogó nuevamente la hipoteca hasta 1937, con las mismas condiciones que tenía la escritura de 1926, que como hemos dicho fijaba los intereses a pagar en un 12 por ciento.

Cuando se otorgaron las prórrogas en 1º de septiembre de 1933 y en 1935 ya estaba vigente desde el 17 de agosto de 1933 la Ley núm. 5 de agosto de ese año (pág. 27), que empezó a regir desde la fecha de su aprobación, por la cual se fijó en un 9 por ciento como máximum el interés que podía estipularse por las partes para el pago de préstamos.

La cuestión que surge en este recurso ha sido resuelta por este tribunal en el caso de *Caraballo* v. *Registrador,* 48 D.P.R. 923, en el que declaramos que las partes pudieron haber celebrado el nuevo contrato en cualquier tiempo antes de entrar a regir la ley de 17 de agosto de 1933, pero que después de esa fecha no podían celebrar ningún contrato válido para el pago de intereses al 12 por ciento: que el resolver que la ley es aplicable a un convenio de tal índole celebrado después de estar vigente dicha ley no significa interpretarla en forma tal que equivalga a darle un efecto retroactivo: y que el convenio especial a que se refiere dicha ley es un convenio escrito y no un pacto verbal.

Por los fundamentos de esa decisión, que es aplicable al caso presente, *la nota recurrida debe ser confirmada.*

El Juez Asociado Sr. Wolf disintió.[*]