REGINO ORTIZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y RAMÓN MONTANER, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurridos.

Núm. 161.—*Sometido:* Enero 20, 1939. *Resuelto:* Abril 28, 1939.

*Virgilio Brunet* y *Miguel A. Casiano,* abogados del recurrente; **Hon.**
**Procurador** General B. Fernández García, Emilio de Aldrey, Pro-
curador General Auxiliar, y Víctor J. Vidal González y G. Atiles
Moreu, abogados los dos últimos del Fondo del Estado, abogados
del Administrador del Fondo recurrido.

El Juez Presidente Señor Del Toro emitió la opinión del
tribunal.

Regino Ortiz, un obrero que alega haber sufrido un acci-
dente mientras trabajaba para la Central Monserrate, fué
notificado en noviembre 4, 1937, de la resolución del Admi-
nistrador del Fondo del Seguro del Estado, declarando su
accidente no compensable.

De esa resolución recurrió el obrero para ante la Comi-
sión Industrial, en abril 26, 1938. Al llamarse para vista el
recurso, el Administrador del Fondo del Estado alegó que
se había interpuesto fuera de término. Oyó la comisión a las
partes y resolvió la cuestión suscitada en contra del obrero,
de acuerdo con los hechos y su regla dictada en mayo 23,
1936, fijando en treinta días el término para apelar.

Pidió reconsideración el obrero y la comisión reafirmó su
criterio por resolución de diciembre 20, 1938. Acudió enton-
ces por medio de su abogado a este tribunal pidiéndole que
revisara las órdenes de la comisión por los siguientes mo-
tivos:

"(a) Porque la Comisión Industrial carece de facultad para
dictar dicha regla.

"(b) Porque en el supuesto de que la Comisión Industrial tuviera esa facultad, dicha regla no fué adoptada en la forma que re-. quiere la ley.

"(c) Porque aun en el supuesto de que la Comisión Industrial tuviera facultad para dictar esa regla y suponiendo que hubiera aprobado la misma en la forma que determina la ley, esa regla es nula y no tiene validez alguna porque el recurso establecido . . . no es el de apelación, el cual procedimiento no existe de acuerdo con la Ley Núm. 45 de 1935, Art. 9–10."

Tras un estudio detenido de la ley y la jurisprudencia aplicable a los hechos del caso, creemos que los motivos primero y tercero no están bien fundados, pero sí el segundo.

■ Prescribe el artículo 6 de la Ley Núm. 45 de 1935, en uno de sus párrafos (leyes de 1935, (1) pág. 283) que:

"La Comisión Industrial estará facultada para aprobar reglas para llevar a cabo aquellas disposiciones, facultades y deberes que le señale esta Ley, y para hacer que los procedimientos ante ella sean sencillos y sumarios; y tales reglas y reglamentos, después de aprobados por el Gobernador y de publicados y promulgados debidamente, tendrán fuerza de ley."

Y a nuestro juicio es perfectamente claro que en uso del poder conferídole por el legislador y siendo como es un organismo de naturaleza cuasi judicial, pudo la comisión fijar el término razonable dentro del cual debía ejercitarse el derecho de apelar, recurrir o irse en alzada que de las resoluciones del Administrador para ante la comisión concede el estatuto. Ley Núm. 45 de 1935, artículos 6, 7 y 10, leyes de 1935, págs. 281, 285 y 289; 15 C. J. 901 y siguientes; 4 C. J. S. 884 y siguientes, y 3 Am. Jur., Appeal and Error, sección 417 y siguientes.

■ Pero si bien ello es así, para que la regla de la comisión sea válida y tenga fuerza de ley, debe cumplirse en un todo con la disposición legislativa, y aquí se admite por la propia comisión que no se cumplió con el requisito de la aprobación por el Gobernador.

■ No existiendo regla válida que fije el plazo, estaba en término el obrero cuando ejercitó su derecho. *Cruz et al.* v.

*Sucesión Jiménez,* 32 D.P.R. 833 y 836. De la opinión concurrente que aparece a la página 840, se transcribe lo que sigue: "El principio de una limitación al derecho de apelar se interpreta estrictamente en favor de un apelante. 3 C. J. pág. 1059 y siguientes donde se citan entre otros casos de California y de Louisiana."

*En tal virtud nos vemos compelidos a revisar la actuación de la comisión revocando sus órdenes de 7 y 20 de diciembre de 1938, devolviendo el caso para ulteriores procedimientos en armonía con lo que aquí se decide.*