JOE TOSCANO Y MRS. JOE TOSCANO, ésta última *nee* CARMEN ALVAREZ BLONDET, demandantes, apelados y apelantes, *v.* MAXIMINO POMALES, demandado, apelante y apelado.

Núm. 8360.—*Sometido:* Febrero 18, 1942. *Resuelto:* Abril 28, 1942.

336

*Tomás Bernardini de la Huerta,* abogado del apelante apelado; *C. Domínguez Rubio,* abogado de los apelados apelantes.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Los demandantes titularon este pleito "sobre cobro de dinero procedente de pagarés hipotecarios," y pidieron a la corte que dictara sentencia condenando al demandado a pagarles $1,000 de principal; $165 de intereses al uno por ciento mensual desde febrero 1, 1938 a junio 15, 1939; $25 de intereses al seis por ciento anual desde junio 15 a noviembre 15, 1939, y $300 que se consignaron en la escritura de hipoteca para gastos, costas, desembolsos y honorarios de abogado en caso de reclamación judicial, con más las costas y honorarios del pleito.

Emplazado el demandado excepcionó la demanda alegando que no aducía hechos suficientes para determinar una causa de acción.

Oyó la corte a las partes sobre la excepción y estimando que la demanda contenía las alegaciones necesarias para una acción en cobro de dinero, la declaró sin lugar, concediendo al demandado diez días para contestar.

Pidió el demandado que se dictara sentencia sobre las alegaciones y así lo hizo la corte, limitándose a condenarlo a pagar los mil dólares reclamados con sus intereses legales desde la fecha de la interposición de la demanda—noviembre 18, 1939—hasta su definitivo pago y las costas del pleito, sin incluir los honorarios de abogado.

Ambas partes apelaron contra esa sentencia dictada en mayo 17, 1941, habiendo solicitado el demandado la desestimación del recurso establecido por los demandantes. El 18 de febrero último las partes fueron oídas por sus abogados sobre la totalidad de las cuestiones envueltas.

 A nuestro juicio la desestimación no procede. La moción se basa en que el recurso se interpuso fuera del término de ley y no hay base en los autos para la computación de ese término, ya que no consta en ellos la fecha del archivo de la notificación de la sentencia con los autos, que constituye su punto de partida. *Vázquez Prada* v. *Martinó,* 46 D.P.R. 305 y 306 y casos citados en el mismo.

 Procederemos ahora al examen del recurso interpuesto por el demandado. Para ello precisa conocer los hechos alegados en la demanda. Ésta es larga y confusa. Trataremos de resumirla en la forma más concisa y completa que podamos.

Por escritura pública de junio 11, 1929, el demandado Pomales y su esposa hicieron constar que habían expedido y firmado cinco pagarés al portador por mil dólares cada uno garantizados con hipoteca. Se transcriben los pagarés uno, dos y tres, y se describe la finca hipotecada.

Allá para el 1933, Pomales tomó a préstamo mil dólares a la demandante por mediación del abogado Domínguez Rubio, pignorando en garantía de la obligación los dichos tres pagarés que entregó a Domínguez Rubio, debiendo durar la

pignoración un año a contar de julio 1, 1933, y obligándose el deudor a pagar intereses al uno por ciento mensual. Vencido el año, Pomales y Domínguez continuaron prorrogando verbalmente la obligación al mismo tipo de interés.

Los hechos 5 y 6 de la demanda, copiados textualmente, dicen:

"5. Que los demandantes presentaron una acción ejecutiva hipotecaria contra el demandado, y seguido el pleito por todos sus trámites, fué sacada a subasta en dos ocasiones, la finca afecta a los pagarés de referencia, sin que hubieran postores en las mismas ni los demandantes pidieran la adjudicación del inmueble, no obstante haber sido posible la existencia de los postores.

"6. Que los demandantes en este caso se acogen a las disposiciones del artículo 173 del Reglamento Hipotecario."

Se sigue alegando que Pomales estuvo pagando los intereses convenidos hasta enero 31, 1938, en que dejó de satisfacerlos, no obstante los requerimientos que se le han hecho y haberse convenido expresamente en ello en el documento de pignoración y en sus prórrogas.

Inmediatamente se alega que el demandado debe a los demandantes las sumas que se reclaman, que ya conocemos, y por las cuales se pide sentencia en contra suya.

Sostiene el demandado apelante que el documento de prenda—el otorgado por Domínguez y Pomales—que constituye según él el eje de la reclamación, es nulo porque se otorgó por uno solo de los cónyuges y porque no consta en documento público.

Y sostiene además que de las propias alegaciones de la demanda surge que la obligación que se reclama es nula, por usuraria.

Creemos que dada la posición adoptada por la corte sentenciadora considerando la acción ejercitada como una en cobro de dinero simplemente, no es necesario considerar siquiera la primera impugnación, esto es, la relativa a la constitución de la prenda.

██ En cuanto a la segunda, bastará decir que al limitarse la corte a dictar sentencia por el principal y los intereses legales a partir de la interposición de la demanda, descartando los intereses reclamados según el convenio alegado, tomó en consideración la ley de usura y la aplicó en la extensión fijada por esta propia Corte Suprema en los casos de *Caraballo* v. *Registrador,* 48 D.P.R. 923 y *Fernández* v. *Registrador,* 49 D.P.R. 214.

En efecto de la demanda surge que en julio 1, 1933 la demandante prestó al demandado mil dólares al uno por ciento mensual, por término de un año. Ese contrato era válido de acuerdo con la ley. No violaba el estatuto vigente entonces sobre usura.

Pero surge también de la demanda que el préstamo se fué prorrogando al mismo tipo de interés—doce por ciento anual—y el contrato prorrogado sí que resulta contrario al estatuto de usura entonces y ahora vigente, tal como fué enmendado por la Ley núm. 5 de 1933 ((2) pág. 27), esto es, fijando el nueve por ciento anual como el tipo máximo de interés.

Se trata, en tal virtud, de un caso igual al de *Caraballo,* supra, y al de *Fernández,* supra, esto es, de una prórroga nula en cuanto a los intereses, de un contrato válido al celebrarse en cuanto a su totalidad—principal e intereses—, siéndole en su consecuencia aplicable la jurisprudencia sentada en las indicadas decisiones.

La opinión de esta corte emitida por su Juez Asociado Sr. Hutchison en el repetido caso de *Caraballo* es amplia y completa. Contiene un estudio acabado de nuestra legislación sobre usura. A los efectos de su aplicación a este caso bastará que citemos del resumen lo que sigue:

"Vencida una hipoteca que estipula el pago de intereses a razón del 12 por ciento anual antes de regir la Ley No. 5 de 1933 ((2) pág. 27), un contrato celebrado ya vigente esa ley, prorrogando su tér-

mino y, entre otras, conteniendo·la disposición relativa al pago de intereses al tipo expresado, infringe la misma y no es válido en cuanto al pago de los intereses.''

En el otro caso de *Fernández,* supra, la opinión de esta corte fué emitida por su Juez Asociado Sr. Aldrey. Es breve. Se limita a exponer los hechos y a resolver el recurso de acuerdo con la decision en el caso de *Caraballo,* quedando ratificada la jurisprudencia en los siguientes términos:

''A partir de agosto 17, 1933, fecha en que entró a regir la Ley núm. 5 de ese año (pág. 27), no puede válidamente celebrarse, en cuanto al pago de intereses se refiere, prórroga alguna de hipoteca con las cláusulas de la escritura original de su constitución que tenga el interés al 12 por ciento anual.''

Habiendo llegado a las anteriores conclusiones, claro es que el recurso interpuesto por el demandado debe ser declarado sin lugar. Y también debe serlo el interpuesto por los demandantes.

■ Por el estudio que dejamos hecho de la demanda y de la interpretación que le diera la corte sentenciadora, se ve claramente que dicha corte reconoció a los demandantes todo aquello a que tenían derecho de acuerdo con los hechos y la ley. Pero éstos insisten en que no es así.

No volveremos sobre la cuestión de los intereses usurarios. Está ya del todo decidida en contra de los demandantes. Sólo nos referiremos a la que levantan por las alegaciones 5 y 6 de su demanda que transcribimos íntegramente al principio de esta opinión.

El artículo 173 del Reglamento Hipotecario a que se acogen, lee así:

''Art. 173.—Si verificada cualquier subasta en que hubieren sido admisibles posturas iguales a los créditos preferentes al del actor no se remataren los bienes, ni se solicitare la adjudicación dentro de los diez días siguientes, quedará terminado y sin ulterior curso el expediente y a salvo el derecho del ejecutante para demandar, por los procedimientos declarativos o ejecutivos comunes, el cobro de su crédito, con las costas del. expediente sumario, contra toda clase de bienes de las personas responsables.''

En primer lugar, las alegaciones de la demanda como puede observarse a primera vista son imprecisas, y no se ajustan por completo a los términos del precepto legal invocado.

Y en segundo lugar el apelante no nos ha demostrado satisfactoriamente que dicho precepto sea aplicable a un caso como éste. Hemos visto que no todas las peticiones de la demanda estaban justificadas. El cobro de intereses al doce por ciento anual era contrario a la ley y pudo descartarse como se descartó por tratarse de un pleito ordinario. De haberse continuado el procedimiento sumario hipotecario que se alega que se inició y de haberse vendido o adjudicado en él la finca hipotecada para satisfacer la garantía, hubiera tenido que serlo por capital e intereses, y como éstos se cobraban en contra de la ley, impugnado el procedimiento hubiera sido declarado nulo en su totalidad.

No hay base, pues, para la reclamación. El art. 173 del Reglamento Hipotecario parte del supuesto de un procedimiento válido.

En cuanto al error que se señala como cometido por la corte al excluir de la condena de costas los honorarios de abogado, basta referirse a él después de conocidos los antecedentes del caso y las circunstancias que en el mismo concurren, para concluir que no existe.

*Debe confirmarse la sentencia apelada.*